The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELLEY DENTON, and all others similarly situated,

Plaintiff,

vs.

DEPARTMENT STORES NATIONAL BANK,

Defendant.

No. 3:10-cv-05830-RBL

DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

**NOTE ON MOTION CALENDAR: APRIL 8, 2011**

**ORAL ARGUMENT REQUESTED**

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

# **TABLE OF CONTENTS**

MOTION.................................................................................................................1

INTRODUCTION ...................................................................................................1

LEGAL STANDARD.............................................................................................3

ARGUMENT ..........................................................................................................4

I.    The National Bank Act Preempts Plaintiff's
Washington Consumer Protection Act And
Unconscionability Claims .............................................................................4

    A.    The Authority to Sell, Enter Into, and
Implement Debt Cancellation and Debt
Suspension Contracts Is an Authorized
Bank Power Under the National Bank
Act ...................................................................................................4

    B.    The National Bank Act Preempts
Plaintiff's CPA and Unconscionability
Claims ..............................................................................................6

II.   Plaintiff's Claims Also Should Be Dismissed
For Failure To State A Claim ......................................................................11

    A.    The Contract Claim Should Be
Dismissed ......................................................................................11

    B.    The Good Faith and Fair Dealing
Claim Should Be Dismissed ..........................................................12

    C.    The Unjust Enrichment and Restitution
Claims Should Be Dismissed .........................................................13

    D.    The Unconscionability Claim Should
Be Dismissed .................................................................................14

    E.    The Injunctive Relief and Declaratory
Relief Claims Should Be Dismissed...............................................14

III.  Plaintiff's Causes Of Action Are Time-Barred .........................................15

CONCLUSION......................................................................................................18

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

- i -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

# TABLE OF AUTHORITIES

## CASES

*Alpine Industries, Inc. v. Gohl*,
30 Wash. App. 750, 637 P.2d 998 (1981),
*review denied*, 97 Wash. 2d 1013 (1982) ............................... 11

*Ambassador Programs, Inc. v. E.I.L., Ltd.*,
No. CV-05-0343-EFS, 2007 WL 505742 (E.D. Wash. 2007) ................. 15

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ................................................. 3

*Badgett v. Security State Bank*,
116 Wash. 2d 563, 807 P.2d 356 (1991) ................................. 12

*Balistreri v. Pacifica Police Department*,
901 F.2d 696 (9th Cir. 1988) ........................................... 3

*Barnett Bank of Marion County, NA. v. Nelson*,
517 U.S. 25 (1996) ..................................................... 6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................... 3

*Bennett v. Behring Corp.*,
466 F. Supp. 689 (S.D. Fla. 1979) ..................................... 14

*Carideo v. Dell, Inc.*,
706 F. Supp. 2d 1122 (W.D. Wash. 2010) ................................. 3

*Cowin Equipment Co. v. General Motors Corp.*,
734 F.2d 1581 (11th Cir. 1984) ........................................ 14

*Davenport v. Washington Education Association*,
147 Wash. App. 704, 197 P.3d 686 (2008) ............................ 13, 16

*Del Rosario v. Del Rosario*,
152 Wash. 2d 375, 97 P.3d 11 (2004) ................................... 17

*Do Sung Uhm v. Humana, Inc.*,
620 F.3d 1134 (9th Cir. 2010) ......................................... 13

*Doe v. SexSearch.com*,
551 F.3d 412 (6th Cir. 2008) .......................................... 14

*Dorsey v. Northern Life Insurance Co.*,
Civ.A. 04-0342, 2005 WL 2036738 (E.D. La. Aug. 15, 2005) ............. 12

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

- ii -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

*Dvornekovic v. Wachovia Mortgage*,
   No. CV 10-5028-RBL, 2010 WL 4286215 (W.D. Wash. Oct. 26, 2010) ........................... 8, 13

*Easter v. Amercian West Financial*,
   381 F.3d 948 (9th Cir. 2004) ......................................................................................... 17

*Eckert v. Skagit Corp.*,
   20 Wash. App. 849, 583 P.2d 1239 (1978) ...................................................................... 16

*Elliot Bay Seafoods, Inc. v. Port of Seattle*,
   124 Wash. App. 5, 98 P.3d 491 (2004) ............................................................................ 11

*Erickson v. Chase*,
   156 Wash. App. 151, 231 P.3d 1261 (2010) ..................................................................... 16

*Fidelity Federal Savings & Loan Association v. de la Cuesta*,
   458 U.S. 141 (1982) ......................................................................................................... 7

*First National Bank of Eastern Arkansas v. Taylor*,
   907 F.2d 775 (8th Cir. 1990) ............................................................................................ 7

*Franklin National Bank of Franklin Square v. New York*,
   347 U.S. 373 (1954) ......................................................................................................... 6

*Fultz v. World Savings & Loan Association*,
   No. C08-0343RSL, 2008 WL 4131512 (W.D. Wash. Aug. 18, 2008)................................. 8

*Girard v. Myers*,
   39 Wash. App. 577, 694 P.2d 678 (1985) ........................................................................ 15

*Hahn v. Strasser*,
   No. C10-0959-RSM, 2011 WL 98523 (W.D. Wash. Jan. 12, 2011) ................................. 15

*Hayton Farms Inc. v. Pro-Fac Corp.*,
   C10-520-RSM, 2010 WL 5174349 (W.D. Wash. Dec. 14, 2010)...................................... 12

*Huynh v. Chase Manhattan Bank*,
   465 F.3d 992 (9th Cir. 2006) ......................................................................................... 15

*Illinois Tool Works, Inc. v. Seattle Safety, LLC*,
   No. C07-2061JLR, 2010 WL 4668447 (W.D. Wash. Nov. 8, 2010) ................................. 16

*In re Park W. Galleries, Inc.*,
   732 F. Supp. 2d 1181 (W.D. Wash. 2010) ...................................................................... 14

*Jankanish v. First American Title Insurance Co.*,
   C08-1147 MJP, 2009 WL 779330 (W.D. Wash. Mar. 23, 2009)....................................... 11

*Johnson v. Long Beach Mortgage Loan Trust 2001-4*,
   451 F. Supp. 2d 16 (D.D.C. 2006) ................................................................................. 14

*Johnson v. Yousoofian*,
   84 Wash. App. 755, 930 P.2d 921 (1997) ....................................................................... 12

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

- iii -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

*Kheel v. Stone Street, Capital Inc.*,
   No. CV-05-0238-LRS, 2006 WL 3054310 (E.D. Wash. Oct. 26, 2006)................................. 17

*Larson v. Union Investment & Loan Co.*,
   168 Wash. 5, 10 P.2d 557 (1932)....................................................................................... 11

*Lee v. City of Los Angeles*,
   250 F.3d 668, 689 (9th Cir. 2001) ...................................................................................... 4

*Martinez v. Wells Fargo Home Mortgage, Inc.*,
   598 F.3d 549 (9th Cir. 2010) ...................................................................................... 7, 8, 9

*Minnick v. Clearwire US, LLC*,
   683 F. Supp. 2d 1179 (W.D. Wash. 2010)................................................................... 4, 14

*Montgomery v. Bank of America Corp.*,
   515 F. Supp. 2d 1106 (C.D. Cal. 2007) ............................................................................ 10

*Muniz v. Microsoft Corp.*,
   C10-0717-JCC, 2010 WL 4482107 (W.D. Wash. Oct. 29, 2010).......................................... 11

*Northwest Independent Forest Manufacturers v. Department of Labor & Industries*,
   78 Wash. App. 707, 899 P.2d 6 (1995)............................................................................... 11

*Pickett v. Holland Amercia Line-Westours, Inc.*,
   145 Wash. 2d 178, 35 P.3d 351 (Wash. 2001) .................................................................. 16

*Reeves v. Teuscher*,
   881 F.2d 1495 (9th Cir. 1989) .......................................................................................... 16

*Riensche v. Cingular Wireless, LLC*,
   C06-1325Z, 2006 WL 3827477 (W.D. Wash. Dec. 27, 2006) ............................................. 14

*Rose v. Chase Bank USA, N.A.*,
   513 F.3d 1032 (9th Cir. 2008) ............................................................................. 4, 6, 8, 10

*Smiley v. Citibank (South Dakota), N.A.*,
   517 U.S. 735 (1996)......................................................................................................... 10

*Spinelli v. Capital One Bank*,
   265 F.R.D. 598 (M.D. Fla. 2009)................................................................................. 7, 10

*Steinberg v. Seattle-First National Bank*,
   66 Wash. App. 402, 832 P.2d 124 (1992).......................................................................... 16

*Vatomanyuk v. Quality Loan Service Corp. of Washington*,
   699 F. Supp. 2d 1242 (W.D. Wash. 2010)........................................................................... 8

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) ............................................................................................ 15

DEFENDANT'S NOTICE OF MOTION AND       - iv -       WILMER CUTLER PICKERING HALE AND DORR LLP
MEMORANDUM IN SUPPORT OF DEFENDANTS'                       399 Park Avenue
MOTION TO DISMISS THE COMPLAINT                       New York, NY 10022
No. 3:10-cv-05830 RBL                            (212) 230-8800

*Watters v. Wachovia Bank, N.A.*,
  550 U.S. 1 (2007) ............................................................................................. 4, 5, 6

*Wells Fargo Bank, N.A. v. Boutris*,
  419 F.3d 949 (9th Cir. 2005) ..................................................................................... 4

*Wm. Dickson Co. v. Pierce County*,
  128 Wash. App. 488, 116 P.3d 409 (2005) ............................................................. 15

*Young v. Young*,
  164 Wash. 2d 477, 191 P.3d 1258 (2008) ............................................................... 13

**STATUTES**

12 U.S.C. § 24 .............................................................................................................. 4, 7, 8

RCW 4.16.040 ................................................................................................................... 15

RCW 19.86.090 ................................................................................................................. 15

RCW 19.86.120 ................................................................................................................. 16

**RULES**

Federal Rule of Civil Procedure 8 ....................................................................................... 3

Federal Rule of Civil Procedure 12 ..................................................................................... 1

**REGULATIONS**

12 C.F.R. 7.4008 ................................................................................................................... 4

12 C.F.R. 34.4 ................................................................................................................ 9, 10

12 C.F.R. 37.1 .......................................................................................................... 5, 7, 9

**OTHER AUTHORITIES**

James J. Saxon, Comptroller of the Currency,
  Letter re: Debt Cancellation Contracts (March 10, 1964),
  in Years of Reform: A Prelude to Progress, 101st Annual Report 1963 (1964) ....................... 5

Julie L. Williams, Chief Counsel,
  OCC Interpretive Letter 827 (April 3, 1998) ................................................................... 5

*Debt Cancellation Contracts and Debt Suspension Agreements*,
  67 Fed. Reg. 58,962 (Sept. 19, 2002) ............................................................................ 6

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

- V -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

25 David K. DeWolf et al.,
   Washington Practice, Contract Law And Practice § 9:2........................................................ 14

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1

**MOTION**

2       Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Department Stores

3   National Bank ("DSNB") moves the court for an Order dismissing the Complaint of Plaintiff

4   Shelley Denton.  In support of its Motion to Dismiss, DSNB  relies on the pleadings on file with

5   the Court and the following Memorandum in Support of Defendant's Motion to Dismiss the

6   Complaint.

7

8

**INTRODUCTION**

9       Plaintiff's Complaint presents a generalized grievance against DSNB's "Payment

10  Protection" program, an optional benefit program that provides debt relief for certain credit

11  cardholders in various circumstances, such as unemployment, disability, or loss of life.  Similar

12  to other cookie-cutter complaints recently filed against other financial institutions,[1] the

13  Complaint consists almost entirely of vague, conclusory, and generic allegations without

14  reference to any specific transaction or occurrence.  Indeed, when it comes to Plaintiff's own

15  facts and circumstances, the Complaint says virtually nothing.  Only six of the Complaint's 104

16  paragraphs are specifically about Plaintiff, Compl. ¶¶ 19, 50-53, 67 and only four of them relate

17  to her experience with the Payment Protection program, *id.* ¶¶ 51-53, 67.  She alleges that when

18  she enrolled in the program approximately thirteen years ago, DSNB did not inquire into her

19  then-current employment status, and she is now supposedly ineligible for benefits.  *Id.* ¶ 52-53.

20  Critically, however, she does not allege that she has ever submitted a claim for benefits or that

21  DSNB ever has denied a claim (nor could she so allege).  *Id.* ¶¶ 52-53.  Nor does Plaintiff allege

22  that DSNB otherwise has done anything in any way improper in the thirteen years since she

23

24  [1]      *See, e.g.*, *Kardonick v. JPMorgan Chase & Co. and Chase Bank USA, N.A.*, 1:10-cv-23023-JLK
    (S.D. Fla. Aug. 23, 2010), and *Tractenberg v. Citigroup, Inc.*, 2:10-cv-03092-LS (E.D. Pa. June 25,
25  2010).

26

27  DEFENDANT'S NOTICE OF MOTION AND              - 1 -            WILMER CUTLER PICKERING HALE AND DORR LLP
    MEMORANDUM IN SUPPORT OF DEFENDANTS'                                          399 Park Avenue
    MOTION TO DISMISS THE COMPLAINT                                           New York, NY 10022
28  No. 3:10-cv-05830 RBL                                                        (212) 230-8800

signed up for the program in 1998.  Notwithstanding her apparent disappointment with the Payment Protection program, Plaintiff notes that she has continued her enrollment in it, and has not canceled.  *Id.* ¶ 53.

Plaintiff's Complaint should be dismissed.  It is not only impermissibly bare-bones—*i.e.*, it alleges no *facts* about her circumstances that make out plausible claims—it is also *legally* defective as a substantive matter.  *First*, a national bank's provision of debt cancellation or suspension contracts is an exercise of its federal banking powers expressly authorized by the National Bank Act, and subject exclusively to federal regulation.  DSNB is a national bank.  A regulation promulgated by the Office of the Comptroller of the Currency confirms federal law's exclusive application here.  The regulation provides—specifically and explicitly—that national banks' debt cancellation contracts are not governed by state law.  As a result, Plaintiff's Washington Consumer Protection Act ("CPA") and unconscionability claims, which rely solely on substantive state law, are preempted.  (*Infra*, Argument, Part I.)

*Second*, Plaintiff's allegations also fail to make out a claim under state law.  As to the claim for breach of contract or of the implied covenant of good faith and fair dealing, the Complaint does not identify any provision of the contract that DSNB allegedly breached or as to which DSNB allegedly exercised bad faith.  Yet that is a basic prerequisite of the claims.  (*Infra*, Argument, Part II.A & B.)  Plaintiff's unjust enrichment and restitution claims are barred by Plaintiff's concession—indeed, her affirmative allegation—that a written contract governs her enrollment in Payment Protection.  No claim for unjust enrichment or restitution can exist if a contract governs the pertinent relationship, as it does here.  (*Infra*, Argument, Part II.C.)  Plaintiff's unconscionability claim fails because unconscionability is not a cause of action; it is only a defense to the enforcement of a contract.  (*Infra*, Argument, Part II.D.)  Plaintiff's claims for injunctive and declaratory relief should be dismissed because they are merely remedies, not free-standing causes of action.  (*Infra*, Argument, Part II.E.)

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

*Third*, all of Plaintiff's claims are barred by the applicable statutes of limitations. Plaintiff pleads that she enrolled in the Payment Protection program in 1998, approximately thirteen years ago.  The theory of her claims—to the extent one can be discerned—is that DSNB should not have allowed her to enroll in the program in the first instance, or should have made different disclosures to her.  Any such claims accrued long ago, and the limitations periods on those claims (the longest of which is six years) expired many years before Plaintiff filed this Complaint.  (*Infra*, Part III.)[2]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, internal quotation marks, and alterations omitted).  Well-pleaded factual allegations should be accepted as true, but a court need not accept as true "conclusory" allegations or "formulaic recitations of the elements" of a cause of action.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 1951 (2009) (internal quotation marks omitted).  "Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1126 (W.D. Wash. 2010) (citing *Balistreri v. Pacifica Police Dep't*, 901

---

[2]      Solely for purposes of the instant Motion to Dismiss, DSNB accepts the allegations in the Complaint as true and, to the extent state law is at issue, proceeds under the state law of the forum. Nevertheless, DSNB preserves all arguments arising from the actual facts related to Plaintiffs' allegations, including choice of law arguments.  DSNB also preserves defenses to the claims of putative class members, including arbitration to the extent putative classmembers' contracts contain arbitration provisions.

F.2d 696, 699 (9th Cir. 1988)).  A putative class action in particular will be dismissed for failure

to state a claim if it lacks specific allegations that the named plaintiff is entitled to assert the

alleged causes of action.  *See, e.g.*, *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1188

(W.D. Wash. 2010) (granting motion to dismiss where complaint "d[id] not allege that any

named Plaintiff actually visited the website" alleged to be deceptive).


# ARGUMENT

**I.  THE NATIONAL BANK ACT PREEMPTS PLAINTIFF'S WASHINGTON CONSUMER PROTECTION ACT AND UNCONSCIONABILITY CLAIMS**

**A.  The Authority to Sell, Enter Into, and Implement Debt Cancellation and Debt Suspension Contracts Is an Authorized Bank Power Under the National Bank Act**

DSNB is a national bank, organized pursuant to the National Bank Act ("NBA").[3]  The

NBA "vest[s] in nationally chartered banks enumerated powers and 'all such incidental powers

as shall be necessary to carry on the business of banking.'"  *Rose v. Chase Bank USA, N.A.*, 513

F.3d 1032, 1036 (9th Cir. 2008) (citing *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 2 (2007), in

turn quoting 12 U.S.C. § 24 (Seventh)).  One such enumerated power is the power to "loan[]

money on personal security" (12 U.S.C. § 24 (Seventh)), which includes the credit-card lending

at issue here.  *See* 12 C.F.R. § 7.4008(a) ("A national bank may make, sell, purchase, participate

in, or otherwise deal in loans and interests in loans that are not secured by liens on, or interests

---

[3]     The bank charter status is available from the FDIC Institution Directory, http://www2.fdic.gov/idasp/main.asp, and this Court may take judicial notice of the information on the government institution's website.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). DSNB is also a subsidiary of another national bank, Citibank (South Dakota), N.A.  *See* Compl. ¶ 20. The preemption analysis set forth here applies equally to claims against either a national bank or an operating subsidiary of a national bank.  *See Watters v. Wachovia Bank N.A.*, 550 U.S. 1, 7 (2007); *see also Wells Fargo Bank, N.A. v. Boutris*, 419 F.3d 949, 966-67 (9th Cir. 2005).

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

- 4 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

in, real estate, subject to such terms, conditions, and limitations prescribed by the Comptroller of the Currency and any other applicable Federal law.").

For over forty years, the Office of the Comptroller of the Currency ("OCC"), the federal agency charged with chartering and overseeing national banks, has recognized that a national bank's authority to make and collect loans includes the right to cancel or suspend a borrower's obligation to repay a loan.  *See* James J. Saxon, Comptroller of the Currency, Letter re: Debt Cancellation Contracts (March 10, 1964) ("Saxon Letter"), in Years of Reform: A Prelude to Progress, 101st Annual Report 1963, at 475 (1964); Julie L. Williams, Chief Counsel, OCC Interpretive Letter 827 (April 3, 1998) ("Williams Letter").  National banks typically exercise this authority, as here, by entering into agreements known as debt cancellation contracts and debt suspension agreements.  *See* Saxon Letter; Williams Letter.  The OCC's comprehensive regulation on the matter explains:  "A national bank is authorized to enter into debt cancellation contracts and debt suspension agreements and charge a fee therefor, in connection with extensions of credit that it makes, pursuant to 12 U.S.C. 24 (Seventh)."  12 C.F.R. § 37.1(a).  The OCC regulation—12 C.F.R. pt. 37—also contains a set of federal-law standards governing national banks' exercise of this power, "to ensure that national banks offer and implement such contracts and agreements consistent with safe and sound banking practices, and subject to appropriate consumer protections."  *Id.* § 37.1(b).

While Supreme Court precedent is already clear that States may not exert control over national banks' exercise of their authorized banking powers (*see, e.g.*, *Watters*, 550 U.S. at 11), the OCC regulation makes the point explicit and absolute when it comes to the particular subject of debt cancellation and suspension contracts.  The regulation states that "[n]ational banks' debt cancellation contracts and debt suspension agreements are governed by this part and applicable Federal law and regulations, *and not by . . . State law*."  12 C.F.R. § 37.1(c) (emphasis added).  The OCC also has explained that its regulation was "intended to constitute the *entire framework*

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1  for *uniform national standards* for DCCs and DSAs offered by national banks." *Debt*

2  *Cancellation Contracts and Debt Suspension Agreements*, 67 Fed. Reg. 58,962, 58,964 (Sept. 19,

3  2002).

4

5  **B.     The National Bank Act Preempts Plaintiff's CPA and Unconscionability Claims**

6        "Nearly 200 years ago . . . [the Supreme] Court held federal law supreme over state law

7  with respect to national banking." *Watters*, 550 U.S. at 10 (citation omitted); *see also Rose*, 513

8  F.3d at 1036 (same).  The Supreme Court has interpreted the NBA's "grants of both enumerated

9  and incidental 'powers' to national banks as grants of authority not normally limited by, but

10  rather ordinarily pre-empting, contrary state law." *Barnett Bank of Marion Cnty., NA. v. Nelson*,

11  517 U.S. 25, 32 (1996).  Thus, "where Congress has not expressly conditioned the grant of

12  'power' upon a grant of state permission, the [Supreme] Court has ordinarily found that no such

13  condition applies." *Id.* at 34; *see also Rose*, 513 F.3d at 1037 (same).  Indeed, "'the States can

14  exercise no control over [national banks], nor in any wise affect their operation, except in so far

15  as Congress may see proper to permit.  Any thing beyond this is an abuse, because it is the

16  usurpation of power which a single State cannot give.'" *Watters*, 550 U.S. at 11 (quoting

17  *Farmers' Mechs.' Nat'l Bank v. Dearing*, 91 U.S. 29, 34 (1875)).  Both the Supreme Court and

18  the Ninth Circuit accordingly have held state law preempted where it would place a condition on

19  a national bank's federally authorized powers (either enumerated or implicit).  *See, e.g.*, *Franklin*

20  *Nat'l Bank of Franklin Square v. New York*, 347 U.S. 373, 377-79 (1954) (local restrictions

21  preempted because they burdened exercise of national banks' incidental power to advertise);

22  *Rose*, 513 F.3d at 1036-38 (state-law disclosure obligations preempted because they burdened

23  exercise of national banks' power to loan money on personal security).

24        Here, preemption is especially clear.  The program at issue is a debt cancellation or

25  suspension contract.  *See, e.g.*, Compl. ¶ 25.  As the authorities described in Part I.A make plain,

26

27  DEFENDANT'S NOTICE OF MOTION AND                    - 6 -         WILMER CUTLER PICKERING HALE AND DORR LLP
    MEMORANDUM IN SUPPORT OF DEFENDANT'S                                                   399 Park Avenue
28  MOTION TO DISMISS THE COMPLAINT                                                    New York, NY 10022
    No. 3:10-cv-05830 RBL                                                                 (212) 230-8800

DSNB's sale of, entry into, and implementation of the contract is the exercise of an authorized national bank power, pursuant to 12 U.S.C. § 24 (Seventh).  The NBA therefore preempts the application of the CPA and state-law unconscionability restrictions here, because they would place state-law conditions on DSNB's exercise of this authorized bank power.  The OCC regulation is explicit and clear.  It states categorically that "[n]ational banks' debt cancellation contracts and debt suspension agreements are governed by this part and applicable Federal law and regulations, and *not . . . by State law*."  12 C.F.R. § 37.1(c) (emphasis added).  As the Ninth Circuit has held, pursuant to longstanding Supreme Court precedent, "OCC regulations possess the same preemptive effect as the [NBA] itself."  *Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 555 (9th Cir. 2010); *see Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982) ("Federal regulations have no less pre-emptive effect than federal statutes.").

In other jurisdictions, courts confronting challenges to debt cancellation and suspension contracts under state law have held the NBA to preempt those state laws.  *See First Nat'l Bank of E. Ark. v. Taylor*, 907 F.2d 775, 780 (8th Cir. 1990) (NBA preempts state insurance regulations directed at debt cancellation contracts); *Spinelli v. Capital One Bank*, 265 F.R.D. 598, 604-05 (M.D. Fla. 2009) (class action pursuant to Florida Deceptive and Unfair Trade Practices Act challenging Capital One Bank's "Payment Protection program" preempted by NBA and OCC implementing regulations).  In *Spinelli*, for example, a plaintiff brought a putative class-action suit under the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA")—asserting claims much like those here by alleging that a Capital One Bank payment protection program was "virtually worthless because of the numerous restrictions that are imposed" and because "many [cardholders] . . . are charged for this product although they are categorically excluded" from eligibility.  *Spinelli*, 265 F.R.D. at 600.  The court agreed with "Defendants' comprehensive analysis of the law of preemption and banking regulations," and held that the plaintiff's consumer protection claim was preempted.  *Id.* at 605.  "[F]orcing national banks entering into

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

- 7 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1    Debt Agreements to comply with the laws of the 50 states would thwart the purpose of the OCC

2    regulations . . . ." *Id.*

3          While neither the Ninth Circuit nor this Court has addressed preemption in the context of

4    debt cancellation and suspension contracts, both courts have held that preemption under the NBA

5    bars the application of state consumer protection statutes to restrict national banks' exercises of

6    their authorized banking powers. *See, e.g.*, *Martinez*, 598 F.3d at 556-57 (NBA regulations

7    preempt California UCL claims for unfair and fraudulent acts); *Rose*, 513 F.3d at 1037 (NBA

8    preempts California UCL claims regarding disclosure associated with credit-card convenience

9    checks); *Vatomanyuk v. Quality Loan Serv. Corp. of Wash.*, 699 F. Supp. 2d 1242, 1244, 1246

10   (W.D. Wash. 2010) (NBA preempts CPA claim for failure to "provide[] material disclosures and

11   other loan documentation prior to and after [plaintiff's] Loan transaction was consummated"

12   (internal quotation marks omitted)); *Fultz v. World Sav. & Loan Ass'n*, No. C08-0343RSL, 2008

13   WL 4131512, at *2 (W.D. Wash. Aug. 18, 2008) (NBA preempts CPA claims regarding

14   mortgage costs and documentation); *cf. Dvornekovic v. Wachovia Mortgage*, No. CV 10-5028-

15   RBL, 2010 WL 4286215, at *1, *2 (W.D. Wash. Oct. 26, 2010) (Home Owners' Loan Act

16   preempts CPA allegations of "deceptive and unfair business practices").

17         The Ninth Circuit thus has consistently held that the National Bank Act and the OCC

18   regulations promulgated thereunder preempt the application of state consumer protection statutes

19   to national banks' exercises of their authorized bank powers.  In *Rose*, the court relied on the

20   NBA provision authorizing banks to lend money, 12 U.S.C. § 24 (Seventh), and held that the

21   statute preempted state-law claims that the defendant national bank should have included

22   additional disclosures when it mailed cardholders convenience checks for use on their credit-card

23   accounts.  *See* 513 F.3d at 1037-38.  The Ninth Circuit held that preemption extended *both* to a

24   California statute specific to credit-card disclosures (*see id.* at 1035, 1037-38), *and* to claims of

25

26

27   DEFENDANT'S NOTICE OF MOTION AND
     MEMORANDUM IN SUPPORT OF DEFENDANT'S

28   MOTION TO DISMISS THE COMPLAINT
     No. 3:10-cv-05830 RBL

- 8 -

fraudulent, deceptive, or misleading practices under California's Unfair Competition Law (*see id.* at 1035, 1038).

In *Martinez*, the Ninth Circuit relied on OCC preemption regulations related to national banks' setting of fees and real-estate lending, and held that federal preemption barred the plaintiff mortgagors' "unfair conduct" and "fraudulent" failure-to-disclose claims under California's Unfair Competition Law.  598 F.3d at 556-57.  While the Ninth Circuit observed in dicta that "[s]tate laws of general application, which merely require all businesses (including national banks) to refrain from fraudulent, unfair, or illegal behavior, do not *necessarily* impair a bank's ability to exercise its [regulated] powers" (*id.* at 555 (emphasis added)), the Ninth Circuit rejected a narrow view of National Bank Act preemption, finding that the OCC regulations at issue clearly warranted preemption of state law.  *See id.* at 556-57.  For example, the Ninth Circuit held that the plaintiffs' failure-to-disclose claim under the UCL was barred by the pertinent OCC regulation's statement that national banks can "'make real estate loans . . . without regard to state law limitations concerning . . . disclosure and advertising.'"  598 F.3d at 557 (quoting 12 C.F.R. § 34.4(a)(9)).  The OCC regulations expressly addressed the national bank powers that the plaintiffs sought to regulate through their California UCL claims, so preemption followed.  *See* 598 F.3d at 556-57 (discussing 12 C.F.R. §§ 7.4002(b)(2), 34.4).

The same rationale is present in this case, and indeed is even more clear.  As in *Martinez*, the relevant OCC regulation—12 C.F.R. pt. 37—expressly and directly addresses the national bank power at issue—the sale of, entry into, and implementation of debt cancellation and suspension contracts.  The OCC regulation here goes one step further too, instructing in clear and explicit language that this national bank power is *not* governed by state law.  *See* 12 C.F.R. § 37.1(c).  When compared to the preemptive regulations at issue in *Martinez*, the OCC's regulation on national banks' debt cancellation and suspension contracts is even broader, providing for *no* exceptions to its rule of preemption.  *Compare* 12 C.F.R. § 37.1(c) ("[n]ational

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

banks' debt cancellation contracts and debt suspension agreements are governed by this part and applicable Federal law and regulations, *and not by . . . State law*" (emphasis added)) *with* 12 C.F.R. § 34.4(b) (listing certain state-law subjects that are not preempted "to the extent that they only incidentally affect the exercise of national banks' real estate lending powers").

The NBA also preempts Plaintiff's attempt to assert a free-standing, affirmative claim for unconscionability.  (As noted below, there is no such claim under state law.  *See infra*, Argument, Part II.C.)  Under the label of unconscionability, Plaintiff challenges the terms of the DSNB debt cancellation contract, effectively arguing that DSNB should not be permitted to enter into such contracts in the first instance.  But the permissibility of the terms of a debt cancellation or debt suspension contract is a matter governed exclusively by federal law.  State attempts to impose restrictions on the substantive terms of banking by national banks are preempted, whether the State acts through common law, statutes of general applicability, or otherwise.  *See, e.g.*, *Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 739 n.1 (1996) (preemption of common law and general consumer protection statutes); *Rose*, 513 F.3d at 1038 ("Regardless of the nature of the state law claim alleged, however, the proper inquiry is whether the 'legal duty that is the predicate of' Plaintiffs' state law claim falls within the preemptive power of the NBA or regulations promulgated thereunder." (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 524 (1992))); *Montgomery v. Bank of Am. Corp.*, 515 F. Supp. 2d 1106, 1112-14 (C.D. Cal. 2007) (preemption of unconscionability claims).

Thus, just like the payment protection program at issue in *Spinelli*, DSNB's Payment Protection program is not subject to claims based on state law "because the OCC's comprehensive scheme of regulation leaves no room for state law when it comes to Debt Agreements."  *Spinelli*, 265 F.R.D. at 600.

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

**II.     PLAINTIFF'S CLAIMS ALSO SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

**A.     The Contract Claim Should Be Dismissed**

It is not clear whether the Complaint alleges a claim of breach of contract separate and apart from the claim for breach of an implied covenant of good faith and fair dealing.  The Complaint indicates that Plaintiff pleads the two theories together in Count I because "Washington treats the breach of the covenant of good faith and fair dealing as a species of a breach of contract claim."  Compl., at 15 n.2.  Yet nowhere does Count One in fact allege that DSNB ever breached the Payment Protection contract.  *See id.* ¶¶ 66-74 (pleading only breaches of a covenant of good faith and fair dealing).  Nevertheless, to the extent the Complaint can be read to assert a separate contract-breach claim, the claim fails because Plaintiff does not identify any breach of any actual contract provision.

Under Washington law, "[a] breach of contract is actionable only if [1] the contract imposes a duty, [2] the duty is breached, and [3] the breach proximately causes damage to the claimant."  *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712, 899 P.2d 6, 9 (1995) (citing *Larson v. Union Inv. & Loan Co.*, 168 Wash. 5, 10 P.2d 557 (1932); *Alpine Industries, Inc. v. Gohl*, 30 Wash. App. 750, 637 P.2d 998 (1981), *review denied*, 97 Wash. 2d 1013 (1982)).  Thus, to state a claim for breach of contract, a plaintiff must actually "point to a provision of the contract that was breached."  *Muniz v. Microsoft Corp.*, C10-0717-JCC, 2010 WL 4482107, at *3 (W.D. Wash. Oct. 29, 2010) (citing *Elliot Bay Seafoods, Inc. v. Port of Seattle*, 124 Wash. App. 5, 98 P.3d 491, 494 (2004)).

Here, the Complaint fails to identify *any* contract provision that was breached.  Plaintiff alleges that "Plaintiff and DSNB contracted for Payment Protection benefits" (Compl. ¶ 67), but she does not say that she ever submitted a claim for those benefits or that DSNB denied the claim in a way that breached her contract.  Any contract claim accordingly should be dismissed.  *See, e.g.*, *Jankanish v. First Am. Title Ins. Co.*, C08-1147 MJP, 2009 WL 779330, at *2 (W.D. Wash.

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1    Mar. 23, 2009).

2          **B.     The Good Faith and Fair Dealing Claim Should Be Dismissed**

3          Plaintiff's good-faith-and-fair-dealing claim (Count I) should be dismissed for at least

4    two reasons.  *First*, just as is true of the contract-breach claim, the Complaint fails to identify any

5    contractual obligation that DSNB allegedly breached or as to which DSNB allegedly exercised

6    bad faith.  *See, e.g.*, *Dorsey v. N. Life Ins. Co.*, Civ.A. 04-0342, 2005 WL 2036738, at *8-9 (E.D.

7    La. Aug. 15, 2005) (dismissing Washington law good faith and fair dealing claim because

8    plaintiffs were unable "to identify any [contract] term . . . that was allegedly breached").  Under

9    Washington law, the implied duty of good faith and fair dealing "arises only in connection with

10   terms agreed to by the parties."  *Badgett v. Sec. State Bank*, 116 Wash. 2d 563, 569, 807 P.2d

11   356, 360 (1991).  There is no "free-floating duty of good faith unattached to the underlying legal

12   document."  *Id.* at 570, 807 P.2d at 360.  "If there is no contractual duty," it follows that "there is

13   nothing that must be performed in good faith."  *Johnson v. Yousoofian*, 84 Wash. App. 755, 762,

14   930 P.2d 921, 925 (1997).  Thus, where a party fails to identify "the specific terms under the

15   contracts, or which of Defendant's actions allegedly give rise to a breach of covenant of good

16   faith and fair dealing," the claim will be dismissed.  *Hayton Farms Inc. v. Pro-Fac Corp.*, C10-

17   520-RSM, 2010 WL 5174349, at *8 (W.D. Wash. Dec. 14, 2010).  Here, Plaintiff fails to

18   identify any contract term, much less a "specific contract term," that DSNB allegedly breached

19   or as to which DSNB allegedly exercised bad faith.  *See Badgett*, 116 Wash. 2d at 570, 807 P.2d

20   at 360.

21          *Second*, the claim also should be dismissed because the only allegation of a breach is,

22   quite literally, completely conclusory.  All that the Complaint does is describe generically the

23   law of good faith and fair dealing (*see* Compl. ¶¶ 69-71) and then, in the next paragraph,

24   conclusorily allege:  "DSNB has breached the covenant of good faith and fair dealing inherent in

25   the Payment Protection agreement" (*id.* ¶ 72).  There is no description or allegation of any facts

26

27   DEFENDANT'S NOTICE OF MOTION AND                                        WILMER CUTLER PICKERING HALE AND DORR LLP
      MEMORANDUM IN SUPPORT OF DEFENDANT'S                                                                399 Park Avenue
28   MOTION TO DISMISS THE COMPLAINT                                                                    New York, NY 10022
      No. 3:10-cv-05830 RBL                                                                               (212) 230-8800

1  regarding DSNB's conduct under the contract, much less an allegation about why any such

2  undescribed conduct would breach an implied covenant of good faith and fair dealing.  The

3  allegations are plainly insufficient to state a claim.[4]

4  **C.      The Unjust Enrichment and Restitution Claims Should Be Dismissed**

5          The unjust enrichment (Count VI) and restitution (Count IV) claims should be dismissed

6  because no such claims can lie where a written agreement governs the parties' relationship, as is

7  the case between Plaintiff and DSNB.  The Complaint affirmatively pleads that Plaintiff entered

8  into a contract to purchase Payment Protection.  *See, e.g.*, Compl. ¶¶ 51-53.  "Unjust

9  enrichment," however, "is the method of recovery for the value of the benefit retained *absent any*

10  *contractual relationship* because notions of fairness and justice require it."  *Young v. Young*, 164

11  Wash. 2d 477, 484, 191 P.3d 1258, 1262 (2008) (emphasis added).  In Washington, a claim for

12  restitution is another name for a claim of unjust enrichment.  *See Davenport v. Wash. Educ.*

13  *Ass'n*, 147 Wash. App. 704, 725, 197 P.3d 686, 697 (2008) ("the common law action for

14  restitution employs unjust enrichment as an independent basis of substantive liability").[5]  Under

15  Washington law, a party to a contract "may not disregard the same and bring an action on an

16  implied contract," such as a claim for unjust enrichment or restitution, "relating to the same

17  matter."  *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1143 n.13 (9th Cir. 2010) (quoting

18  *Chandler v. Wash. Toll Bridge Auth.*, 17 Wash. 2d 591, 137 P.2d 97, 103 (1943)) (internal

19  quotation marks omitted).  Plaintiff's unjust enrichment and restitution claims should therefore

20  _____

[4]      To the extent Plaintiff alleges a free-floating, generalized breach of contract or breach of good
21  faith, untethered to any provision of the contract, such claims also would be preempted for the reasons
discussed in Part I.  *Cf. Dvornekovic*, 2010 WL 4286215, at *4 (contract-breach claim preempted where it
22  was "not merely that of standard breach of contract," but instead alleges "that Wachovia's whole
mortgage system is problematic," thus "fall[ing] within [the regulator's] 'exclusive authority'" under the
23  regulatory scheme).

[5]      To the extent Plaintiff construes her Count IV as simply requesting "the remedy of restitution,"
24  Compl. ¶ 93, rather than asserting a restitution claim equivalent to unjust enrichment, that "claim" would
fail because a remedy is not an independent cause of action.

25

26

27

1    be dismissed.  *See, e.g.*, *In re Park W. Galleries, Inc.*, 732 F. Supp. 2d 1181, 1190 (W.D. Wash.

2    2010) (where parties were bound by contract, unjust enrichment claim "fails as a matter of law").

### D.    The Unconscionability Claim Should Be Dismissed

4            Plaintiff's unconscionability claim (Count II) fails not only because the NBA preempts it

5    (*supra*, Argument, Part I), but also because unconscionability is only a defense to a breach of

6    contract claim, not an affirmative cause of action.  As numerous courts have held, there is no

7    such thing as a cause of action for unconscionability.  *E.g.*, *Johnson v. Long Beach Mortg. Loan

8    Trust 2001-4*, 451 F. Supp. 2d 16, 36 (D.D.C. 2006).  Rather, "[a]t common law,

9    unconscionability is a *defense* against enforcement, not a basis for recovering damages." *Doe v.

10   SexSearch.com*, 551 F.3d 412, 419 (6th Cir. 2008) (emphasis in original); *accord Cowin Equip.

11   Co. v. Gen. Motors Corp.*, 734 F.2d 1581 (11th Cir. 1984); *Bennett v. Behring Corp.*, 466 F.

12   Supp. 689, 700 (S.D. Fla. 1979) ("[T]he equitable theory of unconscionability has never been

13   utilized to allow for the affirmative recovery of money damages.").  In Washington, it is

14   recognized that "unconscionability is a traditional common-law defense." *Riensche v. Cingular

15   Wireless, LLC*, C06-1325Z, 2006 WL 3827477, at *4 (W.D. Wash. Dec. 27, 2006); *see* 25 David

16   K. DeWolf et al., Wash. Prac., Contract Law And Practice § 9:2 ("Unconscionability is a

17   doctrine under which courts may deny enforcement of all or part of an unfair or oppressive

18   contract based on abuses during the process of forming a contract, or abuses within the actual

19   terms of the contract itself.").  The unconscionability claim accordingly should be dismissed.

### E.    The Injunctive Relief and Declaratory Relief Claims Should Be Dismissed

21           Plaintiff's injunctive relief "claim" (Count IV) and declaratory relief "claim" (Count V)

22   should be dismissed because injunctive relief and a declaratory judgment are only remedies, not

23   free-standing causes of action.  Because Plaintiff fails to state a claim for relief in any of the

24   substantive counts of the Complaint, her claims for injunctive and declaratory relief should be

25   dismissed as well.  *See, e.g.*, *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1188-89

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1   (W.D. Wash. 2010) ("cause of action for declaratory relief rises and falls with the remainder of

2   the complaint").  Plaintiff's request for a declaratory judgment that DSNB is in violation of the

3   CPA is particularly inappropriate, not simply because the NBA preempts the CPA here, but also

4   because the CPA "does not authorize an action for declaratory judgment."  *Girard v. Myers*, 39

5   Wash. App. 577, 589, 694 P.2d 678, 685 (1985); *see* RCW 19.86.090.

6

7   **III.   PLAINTIFF'S CAUSES OF ACTION ARE TIME-BARRED**

8           Claims may be dismissed on a Rule 12(b)(6) motion as barred by the statute of

9   limitations where "'the running of the statute is apparent on the face of the complaint.'"  *Von*

10  *Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting

11  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).  It is difficult to glean any

12  legal theory from Plaintiff's spare pleadings, but the underlying notion appears to be that,

13  thirteen years ago, DSNB wrongfully allowed her to enroll in the Payment Protection program

14  or, alternatively, should have provided her different disclosures about the program.  Plaintiff

15  does not allege that DSNB did anything unlawful toward her since those events more than a

16  decade ago.  Plaintiff's own Complaint thus indicates that her alleged causes of action accrued

17  long ago—well beyond the six-year statue of limitations for breach of contract, the three-year

18  statute of limitations for breach of the implied covenant of good faith and fair dealing and for

19  unjust enrichment, and the four-year statute of limitations for the CPA.

20          *The contract claim*.  Under Washington law, the statute of limitations for a contract-

21  breach claim is six years.  RCW 4.16.040(1); *see Hahn v. Strasser*, No. C10-0959-RSM, 2011

22  WL 98523, at *2 (W.D. Wash. Jan. 12, 2011).  The claim accrues, and the limitations period

23  begins to run, at the time of the alleged breach.  *See, e.g.*, *Wm. Dickson Co. v. Pierce Cnty.*, 128

24  Wash. App. 488, 495, 116 P.3d 409, 414 (2005); *Ambassador Programs, Inc. v. E.I.L., Ltd.*, No.

25  CV-05-0343-EFS, 2007 WL 505742, at *5 (E.D. Wash. 2007) (collecting cases).  Plaintiff does

26

27  DEFENDANT'S NOTICE OF MOTION AND
    MEMORANDUM IN SUPPORT OF DEFENDANT'S
    MOTION TO DISMISS THE COMPLAINT
28  No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

not allege that DSNB did anything in the past six years that would constitute the breach of a term of the Payment Protection contract.

*The good-faith-and-fair-dealing and unjust enrichment claims.*  The statute of limitations for a good-faith-and-fair-dealing claim, and for an unjust enrichment claim, is three years.  *See, e.g., Steinberg v. Seattle-First Nat'l Bank*, 66 Wash. App. 402, 404 n.4, 832 P.2d 124, 125 n.4 (1992) (good faith and fair dealing); *Eckert v. Skagit Corp.*, 20 Wash. App. 849, 850, 583 P.2d 1239, 1240 (1978) (unjust enrichment); *Illinois Tool Works, Inc. v. Seattle Safety, LLC*, No. C07-2061JLR, 2010 WL 4668447, at *8 (W.D. Wash. Nov. 8, 2010) (both).[6]  Like breach of contract, a good-faith-and-fair-dealing claim accrues, and the clock begins to run on the limitations period, at the time of the alleged breach of the implied covenant.  *See Eckert*, 20 Wash. App. at 850, 583 P.2d at 1240; *Erickson v. Chase*, 156 Wash. App. 151, 157-58, 231 P.3d 1261, 1265 (2010) (same).  An unjust enrichment claim accrues at the time of the breach of the implied promise to pay for the benefit received.  *See Eckert*, 20 Wash. App. at 852, 583 P.2d at 1241.  Having accrued, if at all, around 1998, Plaintiff's good-faith-and-fair-dealing and unjust enrichment claims are untimely by nearly a decade.

*The CPA claim.*  The statute of limitations for Plaintiff's CPA claim is four years.  RCW § 19.86.120.  A CPA claim accrues when the party discovers, or could have discovered, the facts constituting the alleged violation of the statute.  *See Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wash. 2d 178, 195-96, 35 P.3d 351, 359-60 (Wash. 2001); *Reeves v. Teuscher*, 881 F.2d 1495, 1500-01 (9th Cir. 1989).

---

[6]      As noted, *supra*, restitution is merely another name for a claim of unjust enrichment.  Therefore, Plaintiff's request for "the remedy of restitution," to the extent it is treated as a unique cause of action, is governed by the same three-year statute of limitations and is time-barred for the same reasons as her unjust enrichment claim.  *See Davenport v. Wash. Educ. Ass'n*, 147 Wash. App. 704, 737, 197 P.3d 686, 704 (2008).

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

- 16 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

Again, Plaintiff's theory apparently is that DSNB should not have allowed her to purchase the program thirteen years ago, or should have provided different disclosures.  The CPA claim is untimely by approximately nine years.  Plaintiff knew, or reasonably should have known, of the alleged problems with Payment Protection at the time she alleges she entered into the contract, around 1998.  *See Reeves*, 881 F.2d at 1501 ("Knowledge will be inferred if the party in due diligence could have discovered the fraud.").  Plaintiff knew she was self-employed (*see* Compl. ¶ 52), and she does not allege that she failed to receive the contract explaining the Payment Protection eligibility requirements, or even that she was ever actually denied any benefits under the program.  "Washington adheres to the general contract principle that parties have a duty to read the contracts they sign" and "will not casually depart from this principle, which imposes some responsibility on those who sign contracts."  *Del Rosario v. Del Rosario*, 152 Wash. 2d 375, 385, 97 P.3d 11, 16 (2004).

Plaintiff accordingly should have brought any CPA claim within four years of entering into the Payment Protection contract.  *See Kheel v. Stone Street, Capital Inc.*, No. CV-05-0238-LRS, 2006 WL 3054310, at *3 (E.D. Wash. Oct. 26, 2006) (Washington CPA claim based on alleged misrepresentation of contract terms time-barred because "[t]he record establish[ed] that the contract was signed more than four years before [the plaintiff] filed suit."); *Easter v. Am. W. Fin.*, 381 F.3d 948, 964 (9th Cir. 2004) (Washington CPA claim for allegedly usurious loans time-barred "because [plaintiffs] knew at the time they closed their loans the facts necessary to state both their usury cause of action and the CPA claim.").  Because Plaintiff knew or should have known the basis for her allegations in 1998, over a dozen years before she brought this action, her CPA claim should be dismissed as time-barred.

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

- 17 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

**CONCLUSION**

For the foregoing reasons, the Court should enter an Order dismissing the Complaint with prejudice.


Respectfully submitted,


_____ s/ Robert W. Trenchard _____


ROBERT W. TRENCHARD (N.Y. Bar No. 2679488)
    (*admitted pro hac vice*)
NOAH A. LEVINE (N.Y. Bar No. 4324521)
    (*admitted pro hac vice*)
PAMELA K. BOOKMAN (N.Y. Bar No. 4492328)
    (*admitted pro hac vice*)
CRAIG R. HEEREN (N.Y. Bar No. 4713053)
    (*admitted pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
Robert.Trenchard@wilmerhale.com

JOHN R. BACHOFNER, WSBN #18650
BULLIVANT HOUSER BAILEY PC
805 Broadway St.
Suite 400
Vancouver, WA 98660
Tel: 360.906.6340
Fax: 360.395.8504
John.Bachofner@bullivant.com

March 14, 2011

*Counsel for Defendant Department Stores National Bank*

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT
No. 3:10-cv-05830 RBL

- 18 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on March 14, 2011, I electronically filed the foregoing with the Clerk

3  of the Court using the CM/ECF system which will send notification of such filing to the

4  following:

5  Deborah M. Nelson                          Rachel J. Geman
   Nelson Boyd PLLC                           Lieff Cabraser Heimann & Bernstein (NY)
6  1700 Seventh Avenue, Suite 2220            250 Hudson Street, 8th Floor
   Seattle, WA  98101                         New York, NY  10013-1413
7  206-971-7601                               212-355-9500
   nelson@nelsonboydlaw.com                   rgeman@lchb.com
8
   Jeffrey D. Boyd                            Randall K. Pulliam
9  Nelson Boyd PLLC                           Carney Williams Bates Bozeman
   1700 Seventh Avenue, Suite 2220               & Pulliam, PLLC
10 Seattle, WA  98101                         11311 Arcade Drive, Suite 200
   206-971-7601                               Little Rock, AR  72212
11 boyd@nelsonboydlaw.com                     501-312-8500
                                              rpulliam@carneywilliams.com
12
   Kenneth J. Grunfeld
13 Golomb & Honik, PC
   1515 Market Street, Suite 1100
14 Philadelphia, PA 19102
   215-985-9177
15 kgrunfeld@golombhonik.com

16 and I hereby certify that I am aware of no non-CM/ECF participants to whom this document

17 should be mailed by United States Postal Service.

18 DATED: March 14, 2011                    _____ s/ Robert W. Trenchard _____

19

20                                            ROBERT W. TRENCHARD (N.Y. Bar No. 2679488)
                                                    (*admitted pro hac vice*)
21                                            WILMER CUTLER PICKERING
                                                HALE AND DORR LLP
22                                            399 Park Avenue
                                             New York, NY 10022
23                                            Tel: (212) 230-8800
                                             Fax: (212) 230-8888
24                                            Robert.Trenchard@wilmerhale.com

25                                            *Counsel for Defendant Department Stores National
                                             Bank*

26

27 CERTIFICATE OF SERVICE                    - 1 -        WILMER CUTLER PICKERING HALE AND DORR LLP
   No. 3:10-cv-05830 RBL                                                          399 Park Avenue
28                                                                             New York, NY 10022
                                                                                 (212) 230-8800