The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELLEY DENTON, and all others similarly
situated,

              Plaintiff,

    vs.

DEPARTMENT STORES NATIONAL BANK,

              Defendant.

No. 3:10-cv-05830-RBL

JOINT STATUS REPORT AND
DISCOVERY PLAN

      The parties submit the following Joint Status Report and Discovery Plan pursuant to this Court's Order regarding Initial Disclosures, Joint Status Report and Early Settlement (Dkt. 4).

**1.      Nature and Complexity of the Case:**

      Plaintiff: This single-state, state-law class action on behalf of Washington consumers[1] challenges DSNB's common scheme relating to its marketing and administration of a product that purports to relieve or suspend a credit card holder's obligation to pay minimum monthly payments in the event of major, usually adverse, life events.  Plaintiff alleges that DSNB fraudulently markets the payment protection product and acts in bad faith in administering it.  Despite DSNB's suggestion below, Plaintiff contends that this case is not of unusual complexity

---

[1] Defendant's records will show class size, but Plaintiffs anticipate it is in the hundreds or thousands.

for a class action and, as with other class actions, if certified, will create efficiencies and obviate the need for identical issues to be serially litigated.  Indeed, this has been the case with other lawsuits against other defendants involving similar products.  At the appropriate juncture, Plaintiff will demonstrate that the elements of Fed.R.Civ.P. 23 are satisfied.  Plaintiff does not anticipate that this case will require any "extraordinary treatment."   In addition, given that the mere filing or pendency of a motion to dismiss does not stay litigation, and delay will exacerbate the ongoing harm from DSNB's (ongoing) scheme, Plaintiff respectfully submits that discovery should begin now.

Defendant:  As a purported class action, this is a complex action under the Local Civil Rules, which define "complex litigation" as "one or more related cases which present unusual problems and which require extraordinary treatment . . . ."  CR 102.  "Class action suits present many of the same problems and issues inherent in other types of complex litigation[.]"  Manual for Complex Litigation (Fourth) § 21 (2010).  Plaintiff seeks to certify a class comprised of all residents of the State of Washington who purchased Payment Protection "at all times the product was sold," and a subset class of all Washington residents who were allegedly "not eligible for full benefits, or whose eligibility for benefits were limited by express exclusions."  Compl. ¶¶ 57-58.  Plaintiff asserts that the class could be comprised of "possibly hundreds of thousands of individuals."  *Id.* ¶ 61.  "The aggregation of a large number of claims and the ability to bind people who are not individual litigants tend to magnify those problems and issues [of complex litigation], increase the stakes for the named parties, and create potential risks of prejudice or unfairness for absent class members" which " imposes unique responsibilities on the court and counsel."  Manual for Complex Litigation § 21.  Defendant maintains that, even if the case were to move beyond the pleading stage (and it should not), class certification would be inappropriate given plaintiff's inadequacy as a class representative, the absence of typicality, the predominance of individual issues, and the manageability of the action as a class given the necessity of individual mini-trials.  Based on Plaintiff's current allegations, discovery would be unwieldy and onerous.  Plaintiff's claims are based on amorphous allegations of conduct allegedly occurring

over a dozen years ago.  Moreover, the debt protection program that Plaintiff voluntarily enrolled in is different from the debt protection programs currently offered by DSNB, which are subject to arbitration agreements.  Given the complexity of the case, it is imperative that the scope and propriety of Plaintiff's supposed claim be adjudicated on the pending Motion to Dismiss prior to the parties and this court moving forward with this complex matter.

**2.      Results of FRCP 26(f) Conference**

Plaintiff and Defendant conferred as to their obligations under Rule 26(f) of the Federal Rules of Civil Procedure on May 18, 2011.  The parties disagreed as to whether initial disclosures and discovery should be postponed until after Defendant's Motion to Dismiss is decided.  The parties had a preliminary discussion on the management and scope of discovery, but no specific decisions were made.  Defendant confirmed that a document preservation process was already implemented for this matter.

**3.      Proposed Deadline for Joining Additional Parties**

Plaintiff: Plaintiff does not oppose the timeframe suggested by DSNB below - that either party may join additional parties within 30 days of the ruling on the motion to dismiss - and suggests that any subsequent joinder should be subject to Rules 15 and/or 21, Federal Rules of Civil Procedure.

Defendant: Defendant believes that if the Complaint survives the pending motion to dismiss, then Plaintiffs should be required to join any additional defendants within 30 days of that decision.

**4.      ADR Method**

The parties agree that it would be appropriate to revisit ADR after the resolution of Defendant's Motion to Dismiss.

**5.      ADR Timing**

The parties agree that it would be appropriate to revisit ADR after the resolution of Defendant's Motion to Dismiss.

**6.      Proposed Discovery Plan**

a.  <u>Dates of FRCP 26(f) Conference and FRCP 26(a) initial disclosures:</u>  The parties held their FRCP 26(f) conference on May 18, 2011.

Plaintiff: Initial disclosures should occur now and should not be stayed based on DSNB's having filed a motion to dismiss, given the motion does not stay proceedings and litigation stays are disfavored.

Defendant:  Initial disclosures should be postponed until after the resolution of Defendant's Motion to Dismiss.

b.  <u>Subjects on which discovery may be needed and whether discovery should be conducted in phases or limited to particular issues:</u>

Plaintiff: Plaintiff does not believe discovery should be stayed for the reasons discussed in Topics 1 and 6a. Plaintiff intends to seek discovery related to the named plaintiff; basic data information (how many subscribers had payment protection and how many sought, received, and were denied benefits; waiting times in connection with benefits; how many subscribers sought, were given, and were denied refunds; the benefit to DSNB from fees against the money loaned or paid to subscribers); exemplars of the versions of the plan in effect during the class period, including terms and condition documents; policy and procedure documents about the marketing and administration of the plan; internal and external complaints and response, audits, and/or investigations; communications between DSNB and class members (pursuant to good faith meet and confer about document availability and burden); documents used or made available to DSNB client-facing personnel.   Plaintiff does not believe it is practical or necessary to have class-specific discovery formally preceding "merits" discovery due to the significant overlap between class and merits issues and the robust record at class certification Plaintiff must present.  Plaintiff submits that a de facto or formal bifurcation will result in inefficiency and unnecessary disputes about what is class versus what is merits.  "Arbitrary insistence on the merits/class discovery

1   distinction sometimes thwarts the informed judicial assessment that current class

2   certification practice emphasizes."  FJC, *Manual for Complex Litig. - Fourth*,

3   §21.14 (2005).

4       Defendants:  Defendant believes that discovery should be stayed pending the

5   Court's decision on Defendant's Motion to Dismiss.  *See* Manual for Complex

6   Litigation § 11.422 ("Discovery control in complex litigation may take a variety

7   of forms, including time limits, restrictions on scope and quantity, and

8   sequencing."); *see also* Fed. R. Civ. P. 26(b)(2)(a) (requiring the Court to limit

9   "the frequency or extent of discovery" where "the burden or expense of the

10  proposed discovery outweighs its likely benefit").  Defendant further believes

11  that, should the case move beyond pleadings, discovery should be limited to class

12  certification issues until any Motion for Class Certification is decided.  *See*

13  Manual for Complex Litigation § 11.213 ("Class certification or its denial will

14  have a substantial impact on further proceedings, including the scope of discovery

15  . . . Denial of class certification may effectively end the litigation.").

16  c.   Changes in limitations on discovery imposed:

17      Plaintiff:  Plaintiff anticipates that the number of depositions may need to exceed

18  ten, and proposes that the parties meet and confer about any potential additional

19  discovery needed beyond what is provided for in the Federal Rules of Civil

20  Procedure.

21      Defendants: As noted above, Defendant believes that all discovery, including the

22  exchange of initial disclosures, should be stayed pending the Court's decision on

23  Defendant's Motion to Dismiss.  Defendant further believes that, should the case

24  move beyond pleadings, discovery should be limited to class certification issues

25  until any Motion for Class Certification is decided.

26  d.   Management of discovery:  The parties will work within the discovery rules.

27

28

e.    <u>Any other orders that should be entered:</u>

Plaintiff: Plaintiff requests that a Case Management Order be entered and suggests that the parties meet and confer to determine dates for motions in support of and opposition to class certification, and that this motion practice should follow a period of discovery. Plaintiff disagrees that the unusual step of a "stay" of a class certification motion is warranted.

Defendant: Defendant requests an Order from the Court that any motion for class certification be stayed until after Defendant's Motion to Dismiss is decided.

**7.    Date by Which Discovery Can Be Completed:**

Plaintiff:  Plaintiff agrees with DSNB that it is premature to set a date at this time for the close of discovery, but, if discovery is open now,  Plaintiff anticipates moving for class certification approximately eight months after the first round of Rule 34 documents are *produced*, assuming the timely and good faith production of documents.  Plaintiff further anticipates that the parties can present a revised status report within 30 days of a decision on class certification that includes an end date for discovery and a proposed trial date.

Defendant: Based on the Defendant's position that discovery should be postponed until after a ruling on the Motion to Dismiss, setting a time for the completion of discovery is premature.

**8.    Magistrate Judge:**

Not all parties consent to a magistrate judge.

**9.    Bifurcation:**

Plaintiff:  As stated above, Plaintiff does not believe bifurcation is appropriate or efficient.

Defendant: The Defendants do not believe it is appropriate to consider bifurcation at this early stage of the litigation.

**10.      Whether to Dispense with Pretrial Statements and Pretrial Order:**

At this time, the parties do not believe that the Pretrial Statement or Pretrial Order should be dispensed with.

**11.      Other Suggestions to Shorten or Simplify Case:**

None at this time.

**12.      Date Case Will Be Ready for Trial:**

The parties believe it is premature to set a date for trial.  The parties suggest that within 30 days of a ruling on class certification, the parties present a revised status report with proposed trial dates.

**13.      Jury or Non-Jury:**

Plaintiff has demanded a jury trial.

**14.      Number of Trial Days Required:**

The parties believe it is premature to set the number of trial days required at this time.

**15.      Potential Dates of Conflict with Trial:**

The parties believe it is premature to set the trial schedule at this time.

**16.      Designation for Vancouver Federal Building Trial:**

As a jury trial, this case cannot be designated for the Federal Building in Vancouver.

**17.      Status of Service**

All defendants have been served.

1    June 3, 2011

2

3                                        Respectfully submitted,

4

                                          s/ Robert W. Trenchard
5                                        ROBERT W. TRENCHARD (N.Y. Bar No. 2679488)
                                            (*admitted pro hac vice*)
6                                        NOAH A. LEVINE (N.Y. Bar No. 4324521)
                                            (*admitted pro hac vice*)
7                                        PAMELA K. BOOKMAN (N.Y. Bar No. 4492328)
                                            (*admitted pro hac vice*)
8                                        CRAIG R. HEEREN (N.Y. Bar No. 4713053)
                                            (*admitted pro hac vice*)
9                                        WILMER CUTLER PICKERING
                                           HALE AND DORR LLP
10                                       399 Park Avenue
                                         New York, NY 10022
11                                       Tel: (212) 230-8800
                                         Fax: (212) 230-8888
12                                       Robert.Trenchard@wilmerhale.com

13                                       JOHN R. BACHOFNER, WSBN #18650
                                         BULLIVANT HOUSER BAILEY PC
14                                       805 Broadway St.
                                         Suite 400
15                                       Vancouver, WA 98660
                                         Tel: (360) 906-6340
16                                       Fax: (360) 395-8504
                                         John.Bachofner@bullivant.com
17                                       *Counsel for Defendant Department Stores National*
                                         *Bank*

18

19

20                                        s/ Rachel Geman
                                         Rachel Geman (N.Y. RG-0998)
21                                          (*admitted pro hac vice*)
                                         LIEFF CABRASER HEIMANN & BERNSTEIN (NY)
22                                       250 Hudson Street, 8th Floor
                                         New York, NY 10013-1413
23                                       Tel: (212) 355-9500
                                         Email: rgeman@lchb.com
24
                                         Deborah M. Nelson, WSBN 23087
25                                       Jeffrey D. Boyd, WSBN 41620
                                         NELSON BOYD PLLC
26                                       1700 Seventh Avenue, Suite 2220
                                         Seattle, WA 98101
27                                       Tel: (206) 971-7601

28

JOINT STATUS REPORT AND DISCOVERY PLAN          - 8 -
No. 3:10-cv-05830 RBL

Email: nelson@nelsonboydlaw.com
Email: boyd@nelsonboydlaw.com

Randall K. Pulliam (AR Bar No. 98105)
    (*admitted pro hac vice*)
CARNEY WILLIAMS BATES BOZEMAN &PULLIAM,
PLLC
11311 Arcade Drive, Suite 200
Little Rock, AR 72212
Tel: (501) 312-8500
Email: rpulliam@carneywilliams.com

Kenneth J Grunfeld (PA Bar No. 84121)
    (*admitted pro hac vice*)
GOLOMB &HONIK, PC
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: (215) 985-9177
Email: kgrunfeld@golombhonik.com

*Counsel for Plaintiff Shelley Denton and the Proposed Class*