The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELLEY DENTON, and all others similarly situated,

             Plaintiff,

    vs.

DEPARTMENT STORES NATIONAL BANK,

           Defendant.

No. 3:10-cv-05830-RBL

DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

**NOTE ON MOTION CALENDAR: DECEMBER 2, 2011**

**ORAL ARGUMENT REQUESTED**

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

# TABLE OF CONTENTS

**Page**

MOTION.................................................................................................................1

INTRODUCTION ...................................................................................................1

BACKGROUND .....................................................................................................2

LEGAL STANDARD..............................................................................................5

ARGUMENT ..........................................................................................................5

I.   THE CLAIMS FOR BREACH OF CONTRACT (COUNT ONE) AND BREACH OF AN IMPLIED
     COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT TWO) SHOULD BE DISMISSED........5

     A.   The Contract Count Fails to State a Claim ..................................................5

     B.   The Good-Faith-and-Fair-Dealing Count Fails to State a Claim ...............7

II.  PLAINTIFF'S UNJUST ENRICHMENT CLAIM (COUNT THREE) SHOULD BE DISMISSED .............8

III. THE RESTITUTION AND RESCISSION CLAIMS (COUNTS FOUR AND FIVE) SHOULD BE
     DISMISSED ...............................................................................................10

IV.  THE NATIONAL BANK ACT PREEMPTS PLAINTIFF'S DEMAND FOR DECLARATORY RELIEF
     BASED ON THE WASHINGTON CONSUMER PROTECTION ACT (COUNT SIX) ...........................11

CONCLUSION.......................................................................................................12

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

## <u>TABLE OF AUTHORITIES</u>

### CASES

<u>Page</u>

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) .................................................................................5

*Badgett v. Security State Bank*,
    116 Wash. 2d 563, 807 P.2d 356 (1991) ............................................... 7-8

*Balistreri v. Pacifica Police Department*,
    901 F.2d 696 (9th Cir. 1988) ...................................................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................5

*Carideo v. Dell, Inc.*,
    706 F. Supp. 2d 1122 (W.D. Wash. 2010) ..............................................5

*Dorsey v. Northern Life Insurance Co.*,
    No. Civ. A. 04-0342, 2005 WL 2036738 (E.D. La. Aug. 15, 2005) ........8

*Dvornekovic v. Wachovia Mortgage*,
    No. CV 10-5028-RBL, 2010 WL 4286215 (W.D. Wash. Oct. 26, 2010) ..............7

*Eckert v. Skagit Corp.*,
    20 Wash. App. 849, 583 P.2d 1239 (1978) .............................................9

*Elliot Bay Seafoods, Inc. v. Port of Seattle*,
    124 Wash. App. 5, 98 P.3d 491 ( 2004) ..................................................6

*Hayton Farms Inc. v. Pro-Fac Corp.*,
    No. C10-520-RSM, 2010 WL 5174349 (W.D. Wash. Dec. 14, 2010) ......8

*Huynh v. Chase Manhattan Bank*,
    465 F.3d 992 (9th Cir. 2006) ...................................................................9

*Johnson v. Yousoofian*,
    84 Wash. App. 755, 930 P.2d 921 (1997) ...............................................8

*McLauchlan v. Aurora Loan Services LLC*,
    No. C10-1560TSZ, 2011 WL 2650203 (W.D. Wash. July 6, 2011) ........10

*Minnick v. Clearwire US, LLC*,
    683 F. Supp. 2d 1179 (W.D. Wash. 2010) ..............................................5

*Muniz v. Microsoft Corp.*,
    No. C10-0717-JCC, 2010 WL 4482107 (W.D. Wash. Oct. 29, 2010) ......6

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- i -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

*Northwest Independent Forest Manufacturers v. Department of Labor & Industries*,
  78 Wash. App. 707, 899 P.2d 6 (1995)..........................................................................6

*Rose v. Bank of Am. Corp.*,
  No. CV 10-5067-VBF (JCx), slip op. (C.D. Cal. Nov. 5, 2010),
  *order adopted*, Order (C.D. Cal. Nov. 8, 2010)...........................................................9

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
  592 F.3d 954 (9th Cir. 2010) .......................................................................................9

## RULES

Fed. R. Civ. P. 8(a)(2)...................................................................................................5

## OTHER AUTHORITIES

Richard A. Lord, 26 Williston on Contracts § 68:1 (4th ed. 2011) .............................10

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1

## MOTION

2          Defendant Department Stores National Bank ("DSNB") moves the Court for an Order

3  dismissing Plaintiff's First Amended Class Action Complaint under Federal Rule of Civil

4  Procedure 12(b)(6).  In support of this Motion to Dismiss, DSNB relies on the pleadings on file

5  with the Court, the points and authorities raised in DSNB's briefs in support of the earlier

6  Motion to Dismiss granted by this Court, and the following Memorandum.

7

8

## INTRODUCTION

9          This Court dismissed Plaintiff's original complaint for failure to state a claim, allowing

10 Plaintiff leave to replead only three of her claims—those for breach of contract, breach of the

11 covenant of good faith and fair dealing, and unjust enrichment.  Plaintiff's First Amended

12 Complaint, however, does nothing to cure the fundamental defects that this Court identified in its

13 earlier order.  Indeed, in most respects, the claims pled in Plaintiff's amended complaint are

14 either identical to or add nothing new to the claims that this Court already dismissed.  In other

15 respects, Plaintiff attempts to reassert claims that this Court either dismissed with prejudice or

16 instructed Plaintiff that she could not pursue.

17         To the extent that Plaintiff alleges any new facts (as opposed to conclusory allegations),

18 they only further confirm that she has no viable legal claim.  Since voluntarily enrolling in the

19 payment protection program over thirteen years ago, Plaintiff now vaguely references only one

20 instance when she was supposedly denied benefits over the telephone; but she simultaneously

21 acknowledges that she was in fact ineligible for the benefits at that time under the terms of the

22 contract itself.  Thus, in addition to failing (once again) to identify any contract provision,

23 Plaintiff does not, and cannot, allege facts to establish that benefits were improperly denied.

24 Taking Plaintiff's own allegations as true (solely for purposes of this Motion), she has now

25 expressly conceded that she was (supposedly) not entitled to any benefits under the parties'

26 DEFENDANT'S NOTICE OF MOTION AND                    - 1 -          Wilmer Cutler Pickering Hale and Dorr llp
   MEMORANDUM IN SUPPORT OF DEFENDANT'S                                          399 Park Avenue
27 MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED                              New York, NY 10022
   CLASS ACTION COMPLAINT                                                     (212) 230-8800
28 No. 3:10-cv-05830 RBL

1   contract, and therefore cannot proceed with any breach of contract –or breach of the covenant of

2   good faith and fair dealing claim.  Plaintiffs' other claims fall short on similar grounds – the

3   failure to allege facts sufficient to state a viable claim.

4        Accordingly, the Court should now dismiss Plaintiff's amended complaint with prejudice.

5

6             **BACKGROUND**

7        ***The Original Complaint and This Court's Order of Dismissal.***  Plaintiff's original

8   complain was comprised almost entirely of generalized grievances about DSNB's payment

9   protection program that had no connection to Plaintiff's experience under the program.  As to

10  herself, Plaintiff alleged only that she purchased payment protection in 1998, that DSNB did not

11  inquire into her employment status, that she is ineligible for benefits due to her self-employed

12  status, and that she nevertheless has maintained her enrollment in the program.  *See* Compl. [Dkt.

13  #1], ¶¶ 51-53.  The complaint asserted various claims, including breach of contract, breach of the

14  covenant of good faith and fair dealing, unjust enrichment, restitution, unconscionability, and

15  violation of the Washington Consumer Protection Act ("WCPA").  *See id.*  ¶¶ 66-94, ¶¶97-104.

16       On August 1, 2011, this Court granted DSNB's motion to dismiss the complaint.  *See*

17  Order Granting Motion to Dismiss [Dkt. #22] ("August 2011 Order").  The Court held that the

18  National Bank Act preempted Plaintiff's WCPA and unconscionability claims, and therefore

19  dismissed those claims with prejudice.  *See id.* at 4-9, 11.  The Court also dismissed Plaintiff's

20  "conclusory" claim that DSNB had breached the payment protection contract, finding that

21  Plaintiff "[did] not identify any provision breached."  *Id.* at 9.  The good-faith-and-fair-dealing

22  claim was dismissed on the same grounds.  This Court held that the implied covenant "does not

23  create new contractual obligations, but instead requires parties to adhere to the contracts they

24  create," yet "plaintiff has failed to identify a term breached."  *Id.*  The Court dismissed the unjust

25  enrichment claim on several grounds, finding that Plaintiff "fail[ed] to identify an actionable

26  DEFENDANT'S NOTICE OF MOTION AND       - 2 -       WILMER CUTLER PICKERING HALE AND DORR LLP

27  MEMORANDUM IN SUPPORT OF DEFENDANT'S         399 Park Avenue
    MOTION TO DISMISS PLAINTIFF'S FIRST         New York, NY 10022
    AMENDED CLASS ACTION COMPLAINT         (212) 230-8800

28  No. 3:10-cv-05830 RBL

promise or its breach," Plaintiff did not "claim that she experienced any of the actions set forth as 'unconscionable acts,'" and the claim was preempted to the extent it challenged the timing of payment protection disclosures. *Id.* at 10.  Finally, the Court dismissed Plaintiff's restitution claim, holding that restitution "is actually a remedy, not a separate claim." *Id.* at 9.  The Court therefore instructed Plaintiff that she may not "pursue restitution … as a claim." *Id.* at 10.  The dismissal of the contract, good faith, and unjust enrichment claims was without prejudice; the Court granted Plaintiff leave to amend those three claims alone. *See id.* at 11.

       ***The First Amended Complaint.***  Plaintiff filed a First Amended Complaint on August 31, 2011. *See* First Am. Class Action Compl.  Plaintiff's First Amended Complaint is in large parts identical to the original complaint.  [Dkt. #32] ("FAC").[1]  To the generalized and conclusory grievances set forth in the original complaint (which provide no basis for Plaintiff's claim) Plaintiff now adds a few allegations regarding her particular experience under the payment protection program.  Plaintiff states that she enrolled in payment protection thirteen years ago, in 1998. *See id.* ¶ 39.  Plaintiff expressly concedes that she "is ineligible and has always been ineligible for Payment Protection benefits," purportedly due to her self-employed status. *Id.* ¶ 40.  Plaintiff asserts that, in 2009 she "called DSNB to file a claim" for benefits, but that "DSNB denied any benefits to be paid" due to Plaintiff's self employment. *Id.* ¶ 42.  No other allegations are provided with respect to this supposed denial of benefits—benefits that Plaintiff maintains she was not entitled to.  Nevertheless, Plaintiff says that she decided voluntarily to re-enroll in payment protection shortly thereafter, after a DSNB representative assured her that she was

---

[1]    Solely for purposes of the instant Motion to Dismiss, DSNB accepts the allegations in the First Amended Complaint as true and, to the extent state law is at issue, proceeds under the state law of the forum.  Nevertheless, DSNB preserves all arguments arising from the actual facts related to Plaintiffs' allegations, including choice of law arguments.  DSNB also preserves defenses to the claims of putative class members, including arbitration to the extent putative class members' contracts contain arbitration provisions.

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 3 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1    eligible for benefits.  *See id.* ¶ 44.  Plaintiff does not allege that she has ever sought benefits since

2    that re-enrollment, or that DSNB ever has denied any claim for benefits since that time.

3              Plaintiff again brings claims for breach of contract, breach of the covenant of good faith

4    and fair dealing, unjust enrichment, restitution, and declaratory relief based on an alleged

5    violation of the WCPA.  In addition, Plaintiff brings a new claim for rescission.

6              Once again, most of Plaintiff's breach-of-contract claim says nothing about any contract

7    or breach thereof, instead advancing generalized grievances about the payment protection

8    program.  *See* FAC ¶ 65-68.  As to an alleged breach, Plaintiff says only that "Plaintiff and the

9    Subclass filed claims and sought to receive the benefit promised by DSNB when they enrolled in

10   Payment Protection," and that "DSNB failed to meet its obligations under the contract" because

11   it "fail[ed] to provide promised benefits to the Plaintiff and the Subclass."  *Id.* ¶ 69.  The

12   complaint does not identify what obligations DSNB allegedly breached nor does it identify any

13   provision of the contract that allegedly was breached.

14             Plaintiff's good-faith-and-fair-dealing claim is identical to the claim in the original

15   complaint, which this Court dismissed.  *Compare* FAC ¶¶ 71-79 *with* Compl. ¶¶ 66-74.

16   Likewise, Plaintiff's unjust enrichment and restitution claims are the same as the claims pled in

17   the original complaint—again, claims that this Court dismissed—except that Plaintiff removed

18   some allegations, such as the suggestion that DSNB should have sold payment protection as

19   insurance.  *Compare* FAC ¶¶ 80-87 *with* Compl. ¶¶ 92-94, 97-104.  Finally, Plaintiff's

20   declaratory relief claim based on the WCPA is identical to the claim in the original complaint,

21   which this Court held was preempted and dismissed with prejudice.  *Compare* FAC ¶¶ 92-93

22   *with* Compl. ¶¶ 95-96.

23

24

25

26   DEFENDANT'S NOTICE OF MOTION AND            - 4 -          WILMER CUTLER PICKERING HALE AND DORR LLP
     MEMORANDUM IN SUPPORT OF DEFENDANT'S                                     399 Park Avenue
27   MOTION TO DISMISS PLAINTIFF'S FIRST                                   New York, NY 10022
     AMENDED CLASS ACTION COMPLAINT                                          (212) 230-8800
28   No. 3:10-cv-05830 RBL

**LEGAL STANDARD**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, it is "a plaintiff's obligation to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, internal quotation marks, and alterations omitted). "A complaint must include enough facts to state a claim for relief that is 'plausible on its face' and to 'raise a right to relief above the speculative level.'" Aug. 2011 Order, at 3 (quoting *Twombly*, 550 U.S. at 555). A court need not accept as true "conclusory" allegations or "formulaic recitations of the elements" of a cause of action. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 1951 (2009) (internal quotation marks and citation omitted). "Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1126 (W.D. Wash. 2010) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). A putative class action in particular will be dismissed for failure to state a claim if it lacks specific allegations that the named plaintiff is entitled to assert the alleged causes of action. *See, e.g.*, *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1188 (W.D. Wash. 2010) (granting motion to dismiss where complaint "d[id] not allege that any named Plaintiff actually visited the website" alleged to be deceptive).

**ARGUMENT**

**I.    THE CLAIMS FOR BREACH OF CONTRACT (COUNT ONE) AND BREACH OF AN IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT TWO) SHOULD BE DISMISSED**

**A.    The Contract Count Fails to State a Claim**

The First Amended Complaint's contract claim should be dismissed for several reasons. First, Plaintiff still does not identify any provision of the contract that allegedly was breached.

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL                      - 5 -                      WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1   Under Washington law, "[a] breach of contract is actionable only if [1] the contract imposes a

2   duty, [2] the duty is breached, and [3] the breach proximately causes damage to the claimant."

3   *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712, 899 P.2d 6, 9

4   (1995).  Thus, to state a claim, a plaintiff must specify a contractual duty and "point to a

5   provision of the contract that was breached."  *Muniz v. Microsoft Corp.*, No. C10-0717-JCC,

6   2010 WL 4482107, at *3 (W.D. Wash. Oct. 29, 2010); *see also Elliot Bay Seafoods, Inc. v. Port

7   of Seattle*, 124 Wash. App. 5, 12, 98 P.3d 491, 494 ( 2004) ("[Plaintiff] cannot point to any

8   specific provision of the lease that was breached … .").  This Court dismissed the original

9   complaint because Plaintiff failed to satisfy these prerequisites:  "Although plaintiff's complaint

10  states, in a conclusory fashion, that defendant breached the contract, *she does not identify any

11  provision breached.*  Failing to do so fatally undermines her claim."  Aug. 2011 Order, at 9

12  (emphasis added).

The First Amended Complaint does not cure this defect.  It is still entirely conclusory.

13  For the most part, the count is comprised of allegations that have nothing to do with either the

14  payment protection contract or any breach thereof.  To the extent the count purports to identify

15  any breach, it does so only in the vaguest of terms, saying that "DSNB promised to confer

16  benefits to Plaintiff and the Class" and that "[b]y failing to provide promised benefits to the

17  Plaintiff and the Subclass, DSNB failed to meet its obligations under the contract."  FAC ¶¶ 63,

18  69.  The First Amended Complaint does not "identify any provision" of the payment protection

19  contract that DSNB allegedly breached, as this Court said Plaintiff must do in order to state a

20  claim.

More fundamentally, the First Amended Complaint affirmatively acknowledges that the

21  only alleged denial of benefits was consistent with Plaintiff's own allegations that she was not

22  entitled to such benefits.  FAC ¶ 40 (plaintiff admits that she "is ineligible and has always been

23  ineligible for Payment Protection benefits.").  Put differently, to the extent that Plaintiff purports

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL
- 6 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

to plead any breach, her theory is that DSNB breached the payment protection contract by *enforcing a contract limitation*.  For obvious reasons, one cannot breach a contract by enforcing its very terms.  Rather, Plaintiff's own admission of ineligibility is fatal.

The First Amended Complaint also now includes, as part of the contract claim, allegations that Plaintiff formerly asserted as an unconscionability claim.  *Compare* FAC ¶ 67 *with* Compl. ¶ 77.  This Court properly dismissed Plaintiff's unconscionability claim on two grounds—because the National Bank Act preempts it and because unconscionability is a defense to a contract claim but not an affirmative claim.  *See* Aug. 2011 Order, at 8-9 & n.3.  The Court's dismissal was with prejudice; it did not grant Plaintiff leave to replead the unconscionability claim.  Thus, to the extent that Plaintiff now seeks to reassert unconscionability in the guise of an affirmative breach-of-contract claim, this Court should again dismiss the claim, for the same reasons.  *See, e.g.*, *Dvornekovic v. Wachovia Mortg.*, No. CV 10-5028-RBL, 2010 WL 4286215, at *4 (W.D. Wash. Oct. 26, 2010) (contract-breach claim preempted where it was "not merely that of standard breach of contract," but instead alleges "that Wachovia's whole mortgage system is problematic," thus "fall[ing] within [the regulator's] 'exclusive authority'" under the regulatory scheme).

### B.    The Good-Faith-and-Fair-Dealing Count Fails to State a Claim

The First Amended Complaint's good-faith-and-fair-dealing claim should be dismissed for the same reasons as the breach of contract claim, and for the same reasons that the Court dismissed the claim in the original complaint.  According to Plaintiff, she was ineligible under the contract for the only benefits she ever allegedly applied for and, as a result, Plaintiff still does not identify any provision of the contract as to which DSNB allegedly acted in bad faith.

Under Washington law, the implied duty of good faith and fair dealing "arises only in connection with terms agreed to by the parties."  *Badgett v. Sec. State Bank*, 116 Wash. 2d 563,

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1   569, 807 P.2d 356, 360 (1991).  There is no "free-floating duty of good faith unattached to the

2   underlying legal document."  *Id.* at 570, 807 P.2d at 360.  "If there is no contractual duty," it

3   follows that "there is nothing that must be performed in good faith."  *Johnson v. Yousoofian*, 84

4   Wash. App. 755, 762, 930 P.2d 921, 925 (1997).  Thus, where a party fails to identify "the

5   specific terms under the contracts, or which of Defendant's actions allegedly give rise to a breach

6   of covenant of good faith and fair dealing," the claim should be dismissed.  *Hayton Farms Inc. v.*

7   *Pro-Fac Corp.*, No. C10-520-RSM, 2010 WL 5174349, at *8 (W.D. Wash. Dec. 14, 2010).

8          The First Amended Complaint does nothing to cure the defect in the original complaint;

9   instead it makes the defect more apparent.  Plaintiff still does not identify any provision of the

10   contract as to which DSNB allegedly acted in bad faith because Plaintiff acknowledges that she

11   was in fact ineligible for the only benefits she ever sought.  Importantly, Plaintiff did not add *any*

12   *new allegations* to her good-faith-and-fair-dealing count.  It is exactly the same claim that this

13   Court already dismissed.  *Compare* FAC ¶¶ 71-79 *with* Compl. ¶¶ 66-74.  The Court should

14   again dismiss the claim, now without leave to amend.  *See Dorsey v. N. Life Ins. Co.*, No. Civ. A.

15   04-0342, 2005 WL 2036738, at *8-9 (E.D. La. Aug. 15, 2005) (dismissing good faith and fair

16   dealing claim under Washington law because plaintiffs were unable "to identify any [contract]

17   term … that was allegedly breached").

18

19   **II.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM (COUNT THREE) SHOULD BE DISMISSED**

20          As with Plaintiff's good-faith-and-fair-dealing count, the First Amended Complaint adds

21   *no new allegations* to the unjust enrichment count that this Court already dismissed as legally

22   insufficient in its earlier order.  *Compare* FAC ¶¶ 80-84 *with* Compl. ¶¶ 97-102.  (The only

23   amendment to the count is the deletion of two paragraphs from the earlier count.  *See* Compl.

24   ¶¶ 99-100.)  The materially unchanged unjust enrichment claim should be dismissed on the same

25   grounds set forth in this Court's August 2011 Order.  There, the Court rejected Plaintiff's claim

26   DEFENDANT'S NOTICE OF MOTION AND                    - 8 -              WILMER CUTLER PICKERING HALE AND DORR LLP
    MEMORANDUM IN SUPPORT OF DEFENDANT'S                                                    399 Park Avenue
27   MOTION TO DISMISS PLAINTIFF'S FIRST                                                   New York, NY 10022
    AMENDED CLASS ACTION COMPLAINT                                                          (212) 230-8800
28   No. 3:10-cv-05830 RBL

1   "because she fails to identify an actionable promise or its breach."  Aug. 2011 Order, at 10.  That

2   statement also accurately describes the First Amended Complaint.  Plaintiff made no attempt to

3   address the Court's ground for dismissal.  The Court also rejected Plaintiff's claim because she

4   did not allege "that she experienced any of the actions set forth as 'unconscionable acts.'"  *Id.*

5   That statement also accurately describes the First Amended Complaint, which retains the same

6   allegations of acts that are not alleged to have any connection with Plaintiff's own experiences.

7   *See* FAC ¶ 82.  Finally, the Court also dismissed Plaintiff's unjust enrichment claim because the

8   National Bank Act preempts it.  *See* Aug. 2011 Order, at 10.  Yet Plaintiff still complains of the

9   same conduct in the First Amended Complaint.  *See* FAC ¶ 81.  Indeed, to the extent that

10   Plaintiff claims DSNB was enriched "unjustly" for reasons other than breach of an actionable

11   promise, the claim is non-contractual in nature and subject to National Bank Act preemption, as

12   explained in this Court's earlier order.  *See also Rose v. Bank of Am. Corp.*, No. CV 10-5067-

13   VBF (JCx), slip op. at 5-6 (C.D. Cal. Nov. 5, 2010) (holding that National Bank Act preempts

14   unjust enrichment claim), *order adopted*, Order (C.D. Cal. Nov. 8, 2010).[2]

15          The First Amended Complaint's unjust enrichment claim also should be dismissed on

16   statute of limitations grounds.  When "the running of the statute is apparent on the face of the

17   complaint," a court may dismiss a claim as time-barred on a Rule 12(b)(6) motion.  *Von Saher v.*

18   *Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v.*

19   *Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).  The statute of limitations for an

20   unjust enrichment claim is three years.  *See Eckert v. Skagit Corp.*, 20 Wash. App. 849, 850, 583

21   P.2d 1239, 1240 (1978).  An unjust enrichment claim accrues when a promise, implied by law in

22   equity, is broken.  *See id.* at 851, 583 P.2d at 1241.  While the theory of Plaintiff's unjust

23

24   ――――――――――
     [2]        Copies of the orders in the *Rose* matter were attached as Appendix A to Defendant's Reply in
     Support of Motion to Dismiss Plaintiff's Complaint [Dkt. #26], filed May, 16, 2011.

25

26

27

28

enrichment claim remains unclear (as she added no new allegations to the count), it is plain that she purports to base the claim on conduct dating back to her original purchase of payment protection, in 1998.  *See* FAC ¶¶ 39, 81, 83.  As such, the claim has been stale for almost a decade.[3]

## III.   THE RESTITUTION AND RESCISSION CLAIMS (COUNTS FOUR AND FIVE) SHOULD BE DISMISSED

As Plaintiff concedes, restitution and rescission are forms of relief.  They are not independent claims or causes of action.  *See* FAC ¶¶ 86, 89 (referring to each as a "remedy"). The acknowledgment is appropriate, as this Court previously held that "plaintiff's restitution 'claim' is actually a remedy, not a separate claim."  Aug. 2011 Order, at 9.  Indeed, this Court instructed Plaintiff that she could not pursue restitution "as a claim" (*id.* at 10), yet Plaintiff now has re-filed the same restitution claim nonetheless.

Rescission likewise is a remedy, not a cause of action.  *See, e.g., McLauchlan v. Aurora Loan Services LLC*, No. C10-1560TSZ, 2011 WL 2650203, at *2 (W.D. Wash. July 6, 2011) (dismissing rescission and restitution claims because "these are remedies for a breach of contract claim, not a separate cause of action"); Richard A. Lord, 26 *Williston on Contracts* § 68:1 (4th ed. 2011) ("The remedies of rescission and restitution … are allowed by the courts as alternative remedies to an action for damages for breach of contract").

---

[3]    In its earlier order, the Court did not consider the statute of limitations defense because, having allowed Plaintiff to amend three of her claims, the Court stated that it would be "impossible to assess [the limitations defense] without knowing the substance of the claim[s]."  Aug. 2011 Order, at 11.  The First Amended Complaint now clarifies that Plaintiff apparently does base her unjust enrichment claim on conduct that traces back many years beyond the statute of limitations.

With respect to the contract and good-faith-and-fair-dealing claims, Plaintiff purports to base her claim on actions that DSNB allegedly took in 2009.  If Plaintiff's opposition brief clarifies that either of those two claims in fact is based on conduct predating the six and three-year statutes of limitations applicable (respectively) to the two claims, then those claims should be dismissed on limitations grounds too, for the reasons set forth in DSNB's briefs on the original motion to dismiss.

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 10 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1   Plaintiff's restitution and rescission claims should be dismissed.

2

3   **IV.    THE NATIONAL BANK ACT PREEMPTS PLAINTIFF'S DEMAND FOR DECLARATORY RELIEF BASED ON THE WASHINGTON CONSUMER PROTECTION ACT (COUNT SIX)**

4       Plaintiff seeks declaratory relief in the form of a judgment that "the conduct of DSNB is

5   in violation of the Washington Consumer Protection Act."  FAC ¶¶ 92-93 (Count Six).  This

6   Court already held that the National Bank Act preempted Plaintiff's WCPA claim and dismissed

7   that claim *with prejudice*.  *See* Aug. 2011 Order, at 4-9.  Plaintiff nevertheless reasserts the

8   identical claim for declaratory relief based on the WCPA that she advanced in the original

9   complaint.  The Court should, accordingly, dismiss the claim on the same preemption grounds,

10  again with prejudice.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   DEFENDANT'S NOTICE OF MOTION AND          - 11 -          WILMER CUTLER PICKERING HALE AND DORR LLP
27   MEMORANDUM IN SUPPORT OF DEFENDANT'S                                             399 Park Avenue
     MOTION TO DISMISS PLAINTIFF'S FIRST                                         New York, NY 10022
     AMENDED CLASS ACTION COMPLAINT                                                (212) 230-8800
28   No. 3:10-cv-05830 RBL

**CONCLUSION**

For the foregoing reasons, the Court should enter an Order dismissing the First Amended Complaint with prejudice.

Respectfully submitted,

_____s/ Robert W. Trenchard_____

ROBERT W. TRENCHARD (N.Y. Bar No. 2679488)
    (*admitted pro hac vice*)
NOAH A. LEVINE (N.Y. Bar No. 4324521)
    (*admitted pro hac vice*)
PAMELA K. BOOKMAN (N.Y. Bar No. 4492328)
    (*admitted pro hac vice*)
CRAIG R. HEEREN (N.Y. Bar No. 4713053)
    (*admitted pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
Robert.Trenchard@wilmerhale.com

JOHN R. BACHOFNER, WSBN #18650
JORDAN RAMIS PC
1498 SE Tech Center Place
Suite 380
Vancouver, WA 98683
Tel: (360) 567-3900
Fax: (360) 567-3901
john.bachofner@jordanramis.com

September 30, 2011

*Counsel for Defendant Department Stores National Bank*

DEFENDANT'S NOTICE OF MOTION AND
MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

# CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Deborah M. Nelson
Nelson Boyd PLLC
411 University Street, Suite 1200
Seattle, WA  98101
206-971-7601
nelson@nelsonboydlaw.com

Rachel J. Geman
Lieff Cabraser Heimann & Bernstein (NY)
250 Hudson Street, 8th Floor
New York, NY  10013-1413
212-355-9500
rgeman@lchb.com

Jeffrey D. Boyd
Nelson Boyd PLLC
411 University Street, Suite 1200
Seattle, WA  98101
206-971-7601
boyd@nelsonboydlaw.com

Randall K. Pulliam
Carney Williams Bates Bozeman
    & Pulliam, PLLC
11311 Arcade Drive, Suite 200
Little Rock, AR  72212
501-312-8500
rpulliam@carneywilliams.com

Kenneth J. Grunfeld
Golomb & Honik, PC
1515 Market Street, Suite 1100
Philadelphia, PA 19102
215-985-9177
kgrunfeld@golombhonik.com

and I hereby certify that I am aware of no non-CM/ECF participants to whom this document should be mailed by United States Postal Service.

DATED: September 30, 2011                    s/ Robert W. Trenchard

ROBERT W. TRENCHARD (N.Y. Bar No. 2679488)
(*admitted pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
Robert.Trenchard@wilmerhale.com

*Counsel for Defendant Department Stores National Bank*