# UNITED STATES DISTRICT COURT

## FOR WESTERN DISTRICT OF WASHINGTON AT TACOMA

SHELLY DENTON, and all others similarly

situated,

                    Plaintiff,

        vs.

DEPARTMENT STORES NATIONAL BANK,

                    Defendant.

Case No.: No: 3:10-cv-05830-RBL

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED   COMPLAINT**

**NOTE ON MOTION CALENDAR: DECEMBER 2, 2011**

**ORAL ARGUMENT REQUESTED**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL STANDARD .............................................................................................................2

ARGUMENT ........................................................................................................................3

    I.   THE COMPLAINT PROPERLY STATES A CLAIM FOR BREACH OF CONTRACT (COUNT ONE) AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT TWO) ..........................................................................................3

        A.   Plaintiff Sets Forth a Viable Breach of Contract Cause of Action ..............................3

        B.   Plaintiff Sets Forth a Viable Breach of the Covenant of Good Faith and Fair Dealing Cause of Action ..........................................................................................6

    II.  PLAINTIFF'S UNJUST ENRICHMENT CLAIM (COUNT THREE) SHOULD NOT BE DISMISSED.............................................................................................7

    III. THERE IS NO BASIS TO DISMISS PLAINTIFF'S PAYMENT PROTECTION CLAIMS THAT ARE BASED IN EQUITY.......................................................................8

CONCLUSION...........................................................................................................10

## PRELIMINARY STATEMENT

Plaintiff, Shelly Denton ("Ms. Denton" or "Plaintiff") opposes the Motion of Defendant Department Stores National Bank ("DSNB, "Defendant" or "Credit Card Company") to Dismiss Plaintiff's First Amended Class Action Complaint (FAC) and in support thereof, relies on the pleadings on file with the Court, the briefs in opposition to the earlier Motion to Dismiss granted by this Court, and the following Memorandum of Law.

Ms. Denton has amended her Complaint to allege more specific facts and to limit the causes of action pled.  Ms. Denton was one of the thousands of DSNB cardholders who were duped into buying its "Payment Protection" product.  Instead of receiving "protection" from her debt in difficult times, she and those like her received only broken promises.  In particular, she now explains that she filed a claim for Payment Protection benefits and was denied coverage. FAC at ¶ 42-3.  DSNB cancelled her membership, then re-assured her that she was still in fact eligible.  *Id.* at 44-6.  These new allegations establish a clear breach of the terms defining eligibility of applicants.  Accordingly, she has now thoroughly and adequately pled viable claims of breach of contract, breach of the covenant of good faith and fair dealing and unjust enrichment, all based on an alleged contract or agreement with DSNB that violates all common sense notions of what a fair and balanced meeting-of-the-minds should look like.

New and detailed facts pled establish that the claims survive and that Ms. Denton should be given the opportunity to undertake discovery in this case.  Payment Protection fails to provide a scintilla of coverage for people like her and it is sold and administered in such a way that consumers don't understand what they are buying and rarely recover on claims filed.[1]

---

[1] In fact, many cardholders are involuntarily enrolled in Payment Protection ("slammed") and thus have no idea they can even attempt to avail themselves of it.

DSNB never bothers to address any of the allegations or concerns pled – it simply claims that it should be immune from liability because it is a credit card company and the credit card contract is so confusing and densely written (and so likely to deceive) that buried in there somewhere must be an excuse for it to act as it does to confuse and deny unsuspecting consumers. As set forth herein, Plaintiff's claims for breach of contract, the violation of the duty of good faith and fair dealing ("GFFD"), unjust enrichment, restitution and recession are adequately pled and should survive Rule 12 scrutiny.[2]

## **LEGAL STANDARD**

All that is required from a Complaint is that it be supported by "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89 (2007). Against this backdrop, dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (internal quotations omitted). Courts should draw "all reasonable inferences from the complaint in [Plaintiffs'] favor" (*Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009)) and "accept the plaintiffs' allegations as true and construe them in the light most favorable to the plaintiffs." *Siracusano v. Matrixx Initiatives, Inc.*, 585 F.3d 1167, 1177 (9th Cir. 2009). The issue is not whether plaintiffs will ultimately prevail, but rather whether they are entitled to offer evidence to support their claims. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). In the end, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[2] With respect to DSNB's one-paragraph argument as to the declaratory judgment claim, Plaintiff does not dispute that the Court earlier dismissed the Washington Consumer Protection Act claim; this is why the FAC contains no such claim. Plaintiff does not object to withdrawing her declaratory judgment claim.

(2007)), but must only exhibit "facial plausibility" by "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Neither *Twombly* or *Iqbal* imposes or permits a "probability requirement," or "heightened fact pleading." *Twombly*, 550 U.S. at 556, 570.

## ARGUMENT

I.   **THE COMPLAINT PROPERLY STATES A CLAIM FOR BREACH OF CONTRACT (COUNT ONE) AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT TWO)**

   A.   **Plaintiff Sets Forth a Viable Breach of Contract Cause of Action**

   The elements of a breach of contract claim under Washington law are: a duty imposed by the contract; a breach of that duty; and damages proximately caused by the breach. *See Northwest Indep't Forest Mfr's v. Dept. of Labor and Indus.*, 78 Wash. App. 707, 712 (Wash. App. Div. 2 1995).  Here, the FAC alleges that the Payment Protection contract imposes on Defendant an obligation to provide benefits, including suspending or canceling the required minimum monthly payment due on Plaintiff's credit card account and excusing Plaintiff from paying the monthly interest charge and the Payment Protection fee for a limited time period, in circumstances such as involuntary unemployment, disability and employer approved leaves of absence.  FAC at ¶¶ 3, 18, 20, 62-63, 65.  It is the contractual duty to provide Payment Protection benefits that was breached, and that is the subject of Plaintiff's breach of contract claim.

   Defendant's challenge to the breach of contract claim is limited to the first element set forth above, *i.e.*, Defendant contends that the Complaint does not identify a contractual duty that was allegedly breached.  Defendant also complains that the allegations about breach of contract are not specific enough.  As noted above, the Complaint specifically cites the Defendant's contractual duty to provide benefits, including suspending or cancelling Plaintiff's payments on

-3-

her account. There can be no doubt that this is a contractual duty, as it is the very essence of the Defendant's Payment Protection agreement.

The Complaint alleges that the Defendant breached a contractual duty to provide Payment Protection benefits by its denial of benefits to Ms. Denton when, in or about April of 2009, she filed a claim for benefits due to her financial hardship.  At that time, Ms. Denton called DSNB to file a claim for benefits, but DSNB denied her claim and refused to pay any benefits because of her self-employment, telling her that "any payment protection benefits would not apply to her because of her self-employed status."   FAC at ¶ 42; *see also* ¶¶ 62-63, 69. Defendant argues that this is not a breach because its rejection of Plaintiff's claim is consistent with its contractual exclusions and with Plaintiff's allegations.  This misses the point because, as discussed below, Defendant's conduct in inducing Plaintiff to enroll in Payment Protection without disclosing the self-employment exclusion and without inquiring as to Plaintiff's employment status, and continuing to collect Payment Protection premiums from Plaintiff despite knowledge of her self-employment, itself constitutes a breach of the contractual duty to provide benefits.   In other words, selling Plaintiff a worthless product from which it was impossible for her to receive any benefit was a breach of Defendant's primary contractual duty under the Payment Protection agreement.[3]

The Complaint further details how Defendant breached this contractual duty to provide benefits by enrolling Plaintiff in a Payment Protection program for which she paid substantial fees to Defendant but was in a position where it was impossible for her to receive any Payment Protection benefits.  Specifically, the Complaint avers that despite the fact that Plaintiff has been

---

[3] This conduct also constitutes a breach of the covenant of GFFD, as discussed in Section I.B. below.

-4-

self-employed since at least the time she enrolled in Payment Protection, she has paid for and continues to be charged for Payment Protection "benefits," which are worthless to her because of her self-employment ineligibility.   FAC at ¶¶ 40, 41, 45-47.   Indeed, after her Payment Protection was cancelled, a DSNB representative even assured Ms. Denton that she was eligible for Payment Protection.  *Id.* at ¶ 44.  Moreover, the Complaint alleges that Defendant knew of Ms. Denton's self-employment, but nonetheless continued to collect Payment Protection premiums from her. *Id.* at ¶ 41.

In addition, the Complaint also alleges that Defendant induced Plaintiff and Class members to enroll in Payment Protection at a time when they were ineligible for benefits (e.g., because they are self-employed, part-time or seasonally employed, retired or disabled) without disclosing these terms and conditions and without attempting to determine their eligibility at the time of enrollment. *Id.* at ¶¶ 4-5, 23-27, 46, 64-66.  What is more, when Defendant finally did provide to Plaintiff and other subscribers the written materials containing the Payment Protection terms and conditions, the provisions were (and are) confusing and indecipherable, making it virtually impossible for the subscriber to determine all of the exclusions and limitations of Payment Protection. *Id.* at ¶¶ 4, 5, 19, 22-23, 65-67.

The Complaint further alleges that Plaintiff has suffered damages proximately resulting from Defendant's breach in the form of the fees she has paid for Payment Protection since enrolling in the program.  *Id.* at ¶¶ 41, 45, 47, 70.  Accordingly, the Complaint adequately alleges a breach of contract claim.

### B.      Plaintiff Sets Forth a Viable Breach of the Covenant of Good Faith and Fair Dealing Cause of Action

An actionable GFFD claim has been sufficiently pled.  Under Washington law, "every contract [carries] an implied duty of good faith and fair dealing.  This duty obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Badgett v. Security State Bank*, 116 Wash. 2d 563, 569 (1991) (citation omitted); *Edmonson v. Popchoi*, 155 Wash App. 376, 386 (Wash. App. Div. 1 2010) (GFFD "requires mutual cooperation so that each party may enjoy the full benefit of performance."); *Dorsey v. N. Life Ins. Co.*, 2005 WL 2036738 at *9 (E.D. La. Aug. 15, 2005).[4]  As noted above, the Complaint clearly demonstrates that Defendant was contractually obligated to provide Payment Protection benefits to Plaintiff (FAC at ¶¶ 3, 18¸ 20, 62-63, 65), and that Defendant breached the duty of good faith and fair dealing by making it impossible for Plaintiff to receive full contract performance.  Defendant accomplished this by inducing Plaintiff to enroll in Payment Protection, knowing she was self-employed and therefore ineligible for benefits, yet telling her that she was eligible for benefits, causing her to pay premiums for what was for her a worthless product. *See id.* at ¶¶ 40-41, 45-47.

Moreover, the covenant of GFFD carries with it a duty of disclosure during contract formation and negotiation. *Lectro-Tek Servs., Inc. v. Exeter Packers, Inc.*, 156 Wash. App. 1037, 2010 WL 2403393 at *7 (Wash. App. Div. 3 June 17, 2010) ("the . . . obligation to deal in good faith can give rise to a duty to disclose relevant information during contract negotiations."). In this regard, the duty of GFFD applies "when one party has discretionary authority to

---

[4] *See also* Restatement (Second) of Contracts, § 205 (1981), the principles of which have been adopted by Washington courts. *See Frank Coluccio Construction Co., Inc. v. King County*, 136 Wash. App. 751, 764, 766 (Wash. App. Div. 1 2007); RCWA 62A.1-203 ("[e]very contract or duty within this Title imposes an obligation of good faith in its performance or enforcement.").

determine" contract terms. *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wash. App. 732, 738  (Wash. App. Div.3 1997), *review denied*, 133 Wash. 2d 1033 (1998); *Sea-Tac Air Cargo Ltd. P'ship v. Port of Seattle*, 156 Wash. App. 1022, 2010 WL 2265315 at *9 (Wash. App. Div. 1, June 7, 2010).   In the present case, Plaintiff has alleged that, in violation of the aforementioned duty of disclosure, Defendant never adequately disclosed to Payment Protection subscribers, and did not adequately disclose to Plaintiff, the relevant and material facts of the eligibility restrictions and limitations, much less that Plaintiff and other subscribers, due to their employment and disability status at the time of enrollment, would be ineligible for benefits. Indeed, the Payment Protection terms and conditions were not provided until after the cardholder subscribed to the plan. *See* FAC at ¶ 64.  And when the terms were finally provided, they were confusing and indecipherable, thus making it impossible for Plaintiff and other subscribers to determine all of the exclusions and limitations of Payment Protection. *Id.* at ¶¶ 4, 5, 19, 22-23, 65-67.

## II.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM (COUNT THREE) SHOULD NOT BE DISMISSED

Plaintiff gives the defendant "fair notice" of her claim, "and the grounds upon which it rests" *Erickson v. Pardus*, 551 U.S. 89 (2007); Fed. R. Civ. P. 8.  That is all that is required to defeat a motion to dismiss claims sounding in unjust enrichment.

DSNB now challenges this cause of action on the same basis as it challenges the breach of contract claim, in that it seeks more specificity as to the actionable promise that was broken.[5] The FAC alleges that Ms. Denton paid a fee for Payment Protection even though she is ineligible

---

[5] Defendant no longer challenges whether unjust enrichment can exist as a separate, alternative cause of action in Washington. *See In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1180 (S.D. Cal. 2010); *Pierce County v. State*, 185 P.3d 594, 618-19 (Wash. Ct. App. 2008); Federal Rule 8(e)(2).

to collect benefits promised.  *See* Complaint at ¶¶ 43-47.  Thus, she has conferred a benefit upon DSNB for a product that does not provide her the benefits offered.  *See id.* at ¶¶ 80-84.  By definition, if you provide consideration for something that cannot in return provide you anything, you have unjustly enriched the other side.  DSNB took money from the Plaintiff with little risk of it ever costing DSNB a penny.  Accordingly, unjust enrichment is apparent on the face of this Complaint.

DSNB again claims that the causes of action are barred by applicable statutes of limitations.  As set forth at length in Plaintiff's opposition to DSNB's original motion (pp. 21-24), Plaintiff alleges that DSNB charged a fee every month for a product that did not offer the benefits promised.  Because the conduct that is the subject of the complaint continues to occur each and every month, and because Plaintiff did not, and in fact, could not have, discovered that she was unjustly enriching DSNB until a point in time well after the initial promise was broken by DSNB, the claims made in the FAC survive Defendants' statute of limitations' scrutiny.[6]

## III.    THERE IS NO BASIS TO DISMISS PLAINTIFF'S PAYMENT PROTECTION CLAIMS THAT ARE BASED IN EQUITY

As a threshold matter, dismissal of Plaintiff's injunctive claims would only be appropriate if the other of Plaintiff's substantive claims in the FAC had already been dismissed. However, as previously explained, DSNB has provided no adequate basis for the dismissal of Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing. Accordingly, there is no basis to dismiss her claims for injunctive relief at this time.

Plaintiff's claims for Payment Protection restitution and/or rescission are causes of action that plaintiffs have long been able to seek in equity, and, "[w]ith the merger of law and equity in

---

[6] DSNB does not challenge the timeliness of Plaintiff's contract causes of action.

this state," they can now seek restitution and/or rescission in court today. *De Coria v. Red's Trailer Mart*, 491 P.2d 241, 243 (Wash. Ct. App. 1971) *(citing Gooden v. Hunter*, 355 P.2d 20, 22 (Wash. 1960)). Accordingly, there exists a free-standing cause of action for injunctive relief such as restitution. *See Penner v. Chase Bank USA, N.A.*, No. C06-5092 FDB, 2006 U.S. Dist. LEXIS 53179, *11-14 (W.D. Wash. Aug. 1, 2006); *see also Doe v. SexSearch.com*, 551 F.3d 412, 420 (6th Cir. 2008); *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16 at 36 (D.D.C. 2006). This, of course, is consistent with this Court's prior view in *Penner*, where the court assessed, though ultimately dismissed for insufficiency of pleadings, the plaintiff's free-standing causes of action for declaratory and injunctive relief. *See Penner*, 2006 U.S. Dist. LEXIS 53179 at *11-14; *Doe*, 551 F.3d at 420 (claims that seek declaratory relief "form the basis of a cause of action"); *Johnson*, 451 F. Supp. 2d. at 36 (same).

DSNB cites no contrary authority in its Motion to Dismiss. Restitution can be an independent cause of action in circumstances where equitable considerations necessitate it. The very case cited by DSNB in its first Motion to Dismiss the Complaint, *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179 (W.D. Wash. 2010), acknowledges as much. While the court in *Minnick* ultimately dismissed the equitable claims based on insufficient allegations, it acknowledged that they are viable causes of action, not "only remedies," as DSNB asserts here. *Id.* at 1188-89. Similarly, rescission is another equitable cause of action recognized in Washington in instances where notions of equity and fairness still require it. *See De Coria*, 491 P.2d at 243; *Chamberlain Group, Inc. v. Nassimi*, Case No. C09-5438BHS, 2010 U.S. Dist. LEXIS 113417 (W.D. Wash. Oct. 25, 2010).

DSNB fails to support its attempt to dismiss Plaintiff's equitable claims for the relief sought, including seeking to enjoin DSNB "from continuing to engage in the common scheme described in this Amended Complaint." FAC at ¶¶ 87, 93. As such, Plaintiff's claims for injunctive and equitable relief in the present case, especially given the breadth of the unfair and deceptive scheme detailed in the FAC, should not be dismissed.

## **CONCLUSION**

For the foregoing reasons, Ms. Denton respectfully submits that DSNB's motion to dismiss should be denied in its entirety.

Respectfully submitted,

Kenneth J. Grunfeld, Esquire
*(admitted pro hac vice)*
*PA Attorney ID. NO: 84121*
**Golomb & Honik, P.C.**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Phone: (215) 985-9177
Fax: (215) 985-4169
Email: kgrunfeld@golombhonik.com

Deborah M. Nelson, Esquire
*WSBN No. 23087*
Jeffrey D. Boyd, Esquire
*WSBN No. 41620*
**Nelson Boyd PLLC**
1700 Seveth Avenue, Suite 2220
Seattle, WA 98101
Phone: (206) 971-7601
Email: nelson@nelsonboydlaw.com

Rachel Geman, Esquire
*(admitted pro hac vice)*
**Lieff Cabraser Heimann & Bernstein**
250 Hudson Street, 8th Floor
New York, NY 10013
Phone: (212) 355-9500
Email: rgeman@lchb.com

Randall K. Pulliam, Esquire
*(admitted pro hac vice)*
**Carney Williams Bates**
  **Bozeman & Pulliam PLLC**
11311 Arcade Drive, Suite 200
Little Rock, AR 72212
Phone: (501) 312-8500
Email: rpulliam@carneywilliams.com

Dated:  October 31, 2011                    *Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **October 31, 2011**, I electronically filed the foregoing **Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint** with the Clerk of Court using CM/ECF system which will send notification of such filing to counsel for the Defendant listed below:

Robert W. Trenchard, Esquire
*(admitted pro hac vice)*
N.Y. Bar No: 267488
**Wilmer Cutler Pickering Hale & Dorr LLP**
399 Park Avenue
New York, NY 10022
-and-
John R. Bachofner, Esquire
*WSBN No. 18650*
**Jordan Ramis, P.C.**
1498 SE Tech Center Place, Suite 380
Vancouver, WA 98683
*Counsel for Defendant, Department Stores National Bank*

Respectfully submitted,

Kenneth J. Grunfeld, Esquire
*(admitted pro hac vice)*
*PA Attorney ID. NO: 84121*
**Golomb & Honik, P.C.**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Phone: (215) 985-9177
Fax: (215) 985-4169
Email: kgrunfeld@golombhonik.com

Deborah M. Nelson, Esquire
*WSBN No. 23087*
Jeffrey D. Boyd, Esquire
*WSBN No. 41620*
**Nelson Boyd PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA 98101
Phone: (206) 971-7601
Email: nelson@nelsonboydlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Rachel J. Geman, Esquire
*(admitted pro hac vice)*
**Lieff Cabraser Heimann & Bernstein**
250 Hudson Street, 8th Floor
New York, NY 10013
Phone: (212) 355-9500
Email: rgeman@lchb.com

Randall K. Pulliam, Esquire
*(admitted pro hac vice)*
**Carney Williams Bates**
 **Bozeman & Pulliam PLLC**
11311 Arcade Drive, Suite 200
Little Rock, AR 72212
Phone: (501) 312-8500
Email: rpulliam@carneywilliams.com

*Counsel for Plaintiff*