The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELLEY DENTON, and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DEPARTMENT STORES NATIONAL BANK,<br><br>　　　　　Defendant. | No. 3:10-cv-05830-RBL<br><br>DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT<br><br>**NOTE ON MOTION CALENDAR: DECEMBER 2, 2011**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................1

ARGUMENT .......................................................................................................................3

I. THE CLAIMS FOR BREACH OF CONTRACT (COUNT ONE) AND BREACH OF AN IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT TWO) SHOULD BE DISMISSED.........3

    A. Plaintiff's Breach of Contract Claim Should Be Dismissed Because She Does Not Identify Any Breach of Any Contract Provision ............................................................3

    B. Plaintiff's Good-Faith-and-Fair-Dealing Cause of Action Likewise Fails to Identify a Contract Duty That Was Breached, and Should Be Dismissed ...............................5

II. PLAINTIFF'S UNJUST ENRICHMENT CLAIM (COUNT THREE) SHOULD BE DISMISSED ...............7

III. PLAINTIFF'S ALLEGATIONS REGARDING THE TIMING AND CONTENT OF DISCLOSURES SHOULD BE DISMISSED AS PREEMPTED ......................................................................................8

IV. ALL OF PLAINTIFF'S CAUSES OF ACTION ARE TIME-BARRED ..................................................9

V. THE RESTITUTION AND RESCISSION CLAIMS (COUNTS FOUR AND FIVE) SHOULD BE DISMISSED ......................................................................................................................11

CONCLUSION ...................................................................................................................122

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT     - i -     WILMER CUTLER PICKERING HALE AND DORR LLP
OF MOTION TO DISMISS PLAINTIFF'S FIRST                                                                    399 Park Avenue
AMENDED CLASS ACTION COMPLAINT                                                                               New York, NY 10022
No. 3:10-cv-05830 RBL                                                                                                           (212) 230-8800

# TABLE OF AUTHORITIES

## CASES

**Page**

*Arevalo v. Bank of America Corp.*,
  No. C10-4959 TEH, 2011 WL 1195973 (N.D. Cal. Mar. 29, 2011) .........................................3

*Badgett v. Security State Bank*,
  116 Wash. 2d 563, 807 P.2d 356 (1991) ..............................................................................5, 6

*Chamberlain Group, Inc. v. Nassimi*,
  No. C09-5438BHS, 2010 U.S. Dist. LEXIS 113417 (W.D. Wash. Oct. 25, 2010) ........... 11-12

*Chi v. Allstate Insurance Co.*,
  No. C08-855MJP, 2009 WL 2473512 (W.D. Wash. Aug. 6, 2009) .......................................10

*Cox v. O'Brien*,
  150 Wash. App. 24, 206 P.3d 682 (Ct. App. 2009) ............................................................. 7-8

*DeCoria v. Red's Trailer Mart, Inc.*,
  5 Wash. App. 892, 491 P.2d 241 (Ct. App. 1972) ................................................................12

*Del Rosario v. Del Rosario*,
  152 Wash. 2d 375, 97 P.3d 11 (2004) ...................................................................................10

*Doe v. SexSearch.com*,
  551 F.3d 412 (6th Cir. 2008) .................................................................................................12

*Dorsey v. Northern Life Ins. Co.*,
  No. Civ. A. 04-0342, 2005 WL 2036738 (E.D. La. Aug. 15, 2005) .........................................5

*Dvornekovic v. Wachovia Mortgage*,
  No. CV 10-5028-RBL, 2010 WL 4286215 (W.D. Wash. Oct. 26, 2010) .................................8

*Eckert v. Skagit Corp.*,
  20 Wash. App. 849, 583 P.2d 1239 (Ct. App. 1978) .......................................................10, 11

*Edmonson v. Popchoi*,
  155 Wash. App. 376, 228 P.3d 780 (Ct. App. 2010),
   *aff'd*, 172 Wash. 2d 272, 256 P.3d 1223 (2011) ....................................................................5

*Gooden v. Hunter*,
  56 Wash. 2d 617, 355 P.2d 20 (1960) ...................................................................................12

*Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*,
  86 Wash. App. 732, 935 P.2d 628 (Ct. App. 1997) ........................................................... 6-7

*Huynh v. Chase Manhattan Bank*,
  465 F.3d 992 (9th Cir. 2006) .................................................................................................10

*Jankanish v. First America Title Insurance Co.*,
　No. C08-1147 MJP, 2009 WL 779330 (W.D. Wash. Mar. 23, 2009) ...................................... 6

*Johnson v. Long Beach Mortgage Loan Trust 2001-4*,
　451 F. Supp. 2d 16 (D.D.C. 2006) ...................................................................................... 12

*Lectro-Tek Services, Inc. v. Exeter Packers, Inc.*,
　No. 28088-8-III, 2010 WL 2403393 (Wash. Ct. App. June 17, 2010) ................................... 6

*McLauchlan v. Aurora Loan Services LLC*,
　No. C10-1560TSZ, 2011 WL 2650203 (W.D. Wash. July 6, 2011) ...................................... 11

*Minnick v. Clearwire US, LLC*,
　683 F. Supp. 2d 1179 (W.D. Wash. 2010) ........................................................................... 11

*Muniz v. Microsoft Corp.*,
　No. C10-0717-JCC, 2010 WL 4482107 (W.D. Wash. Oct. 29, 2010) ..................................... 3

*Northwest Independent Forest Mfrs. v. Department of Labor & Industry*,
　78 Wash. App. 707, 899 P.2d 6 (Ct. App. 1995) ..................................................................... 3

*Penner v. Chase Bank USA, N.A.*,
　No. C06-5092, 2006 WL 2192435 (W.D. Wash. Aug. 1, 2006),
　*aff'd*, No. 06-35726, 2011 WL 5289466 (9th Cir Nov. 4, 2011) ............................................ 12

*Rose v. Bank of America Corp.*,
　No. CV 10-5067-VBF (JCx), slip op. (C.D. Cal. Nov. 5, 2010),
　*order adopted*, Order (C.D. Cal. Nov. 8, 2010) .................................................................. 8-9

*RBS Citizens, N.A. v. Sanyou Import, Inc.*,
　No. 11 C 1820, 2011 WL 4790936 (N.D.Ill. Oct. 6, 2011) ...................................................... 6

*Steinberg v. Seattle-First National Bank*,
　66 Wash. App. 402, 832 P.2d 124 (Ct. App. 1992) .......................................................... 10, 11

*Swanstrom v. Boeing Co.*,
　No. C05-0233RSL, 2005 WL 1719896 (W.D. Wash. July 25, 2005),
　*aff'd*, 168 F. App'x 795 (9th Cir. 2006) .................................................................................. 4

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
　592 F.3d 954 (9th Cir. 2010) ............................................................................................. 9-10

*Wm. Dickson Co. v. Pierce County*,
　128 Wash. App. 488, 116 P.3d 409 (Ct. App. 2005) ....................................................... 10-11

**STATUTES & RULES**

RCW 4.16.140 ..................................................................................................................10

**OTHER AUTHORITIES**

Richard A. Lord, 26 *Williston on Contracts* § 68:1 (4th ed. 2011) ...............................................11

**INTRODUCTION**

This Court dismissed Plaintiff's original complaint for failure to state a claim. Plaintiff now has filed a First Amended Class Action Complaint ("Amended Complaint" or "FAC"). But that complaint is largely unchanged from the earlier complaint that this Court dismissed. Likewise, Plaintiff's legal arguments in defense of her Amended Complaint—made in her opposition brief—are largely the same as those she made in her earlier brief defending her original complaint. In short, all of the reasons that this Court dismissed the original complaint still apply today.

The only new factual assertion that Plaintiff makes in the Amended Complaint is her allegation that, on a single occasion, she was denied payment protection benefits—namely, benefits intended to protect a cardholder in the event of a loss of employment. The new allegation is irrelevant because, simultaneously, Plaintiff says that DSNB's alleged denial of benefits was fully in accord with her contract's terms. In Plaintiff's words, payment protection is "limited" for self-employed persons and, as a result, Plaintiff says she was "ineligible" for the loss-of-employment protection that she sought. Plaintiff does not allege that she ever again sought, or that DSNB ever again denied, any benefits. The change to the original complaint, accordingly, does nothing to save her claims from dismissal.

The Amended Complaint should now be dismissed with prejudice, for several reasons.

*First*, Plaintiff still fails to identify any contract provision that DSNB allegedly breached. Having conceded that DSNB's only alleged denial of benefits was perfectly consistent with the contract, Plaintiff makes the same argument that she did when defending her original complaint, asserting that DSNB somehow breached the contract by "inducing" Plaintiff to enroll in it. That assertion is plainly groundless, as a party cannot breach a contract before that contract has even come into existence. Plaintiff's good-faith-and-fair-dealing claim also should be dismissed because, as with the contract claim, Plaintiff still fails to identify any contract term that DSNB

allegedly breached or as to which DSNB acted in bad faith.  Instead, again, Plaintiff makes only the same arguments for other "free-floating" duties of good faith that this Court already rejected by dismissing her original good-faith-and-fair-dealing claim.

*Second*, Plaintiff's unjust enrichment claim should be dismissed because it is quite literally the same claim this Court already addressed.  The unjust enrichment count in the Amended Complaint contains no new allegations.  Plaintiff thus still fails to identify any actionable breach or promise or any unjust conduct that has any relevance to her own experiences under the contract.  Plaintiff's sole argument is one that she already made in defense of her original complaint—the assertion that she allegedly was ineligible for any benefits under the contract and thus all of her payments to DSNB should be returned.  That argument is wrong. Plaintiff's self-employed status "limited" the benefits to which she was entitled under the contract; it did not "categorically exclude[]" her from the receipt of all benefits.  FAC ¶¶ 24-27. Thus, for example, to the extent Plaintiff was ineligible for payment protection in the event of a loss of employment, she (or a beneficiary) nevertheless would have been eligible for payment protection in other circumstances, such as "Loss of Life," as she alleges.  FAC ¶ 20.

*Third*, Plaintiff continues to challenge payment protection based on the timing and content of DSNB's disclosures, notwithstanding this Court's earlier holding that the National Bank Act and OCC regulations preempt any state-law claims raising those matters.  Plaintiff cannot avoid preemption merely by repleading her same disclosure grievances now as contract, good faith and fair dealing, or unjust enrichment claims.

*Fourth*, if Plaintiff's description of her claims in her opposition brief is credited, all of her claims should be dismissed on statute-of-limitations grounds.  While Plaintiff is still unclear about the precise theories underlying her claims, her opposition brief does state that she seeks to assert all of her claims based on DSNB's conduct starting 13 years ago in enrolling Plaintiff in

| DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT No. 3:10-cv-05830 RBL | - 2 - | WILMER CUTLER PICKERING HALE AND DORR LLP 399 Park Avenue New York, NY 10022 (212) 230-8800 |
|---|---|---|

the payment protection contract and charging her for it.  *See* Pl. Opp. 5-8.  The claims accordingly accrued then and Plaintiff asserted them many years too late.

*Finally*, Plaintiff is wrong to insist, in the face of this Court's prior ruling, that restitution and rescission are independent causes of action.  Regardless, Plaintiff acknowledges that if her contract, good faith and fair dealing, and unjust enrichment claims fail, then her equitable claims should be dismissed too.  None of the counts have merit; all should be dismissed with prejudice.

## ARGUMENT

**I.  THE CLAIMS FOR BREACH OF CONTRACT (COUNT ONE) AND BREACH OF AN IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT TWO) SHOULD BE DISMISSED**

### A.  Plaintiff's Breach of Contract Claim Should Be Dismissed Because She Does Not Identify Any Breach of Any Contract Provision

In her original complaint, Plaintiff "d[id] not identify any provision breached" in the payment protection contract, a failure that "fatally undermine[d]" her contract claim and required its dismissal.  Order Granting Motion to Dismiss [Dkt. #22] ("Aug. 2011 Order"), at 9 (citing *Arevalo v. Bank of Am. Corp.*, No. C10-4959 TEH, 2011 WL 1195973, at *7 (N.D. Cal. Mar. 29, 2011); *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712, 899 P.2d 6, 9 (Ct. App. 1995)).  Plaintiff's Amended Complaint contains no new factual allegations to remedy this fatal defect.

Through the filing of two complaints and two opposition briefs, Plaintiff still has not "point[ed] to a provision of the contract that was breached."  *Muniz v. Microsoft Corp.*, No. C10-0717-JCC, 2010 WL 4482107, at *3 (W.D. Wash. Oct. 29, 2010).  She asserts in her brief, in the same conclusory fashion as in her complaint, that "[i]t is the contractual duty to provide Payment Protection benefits that was breached."  Pl. Opp. 3.  But that does not save her claim because she also simultaneously *admits* that she "is ineligible and has always been ineligible" (FAC ¶ 40) for the only payment protection benefits she ever sought.  *See also* FAC ¶ 25 (benefits are "limited"

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 3 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1  for self-employed persons).  In other words, *according to the terms of the contract itself*, DSNB had no duty to provide the only benefits she ever sought.[1]

Plaintiff recognizes the problem with her admission of ineligibility and tries to answer it in her brief only by saying that the absence of any such duty (somehow) "misses the point" because, according to Plaintiff, DSNB in fact breached the contract simply by inducing Plaintiff to enter into the contract in the first place.  *See* Pl. Opp. 4.  This is the *same* argument she made in her earlier opposition brief defending her original complaint.  *See* Pl.'s Br. in Opp. to Def.'s Mot. to Dismiss the Compl. 13 (Apr. 25, 2011) (Dkt. No. 25) ("Pl. 1st Opp.").  The theory is meritless.  DSNB cannot have breached the contract at a time before the contract ever existed.  Plaintiff identifies nothing in the contract that imposed any pre-contractual obligations on DSNB.  Absent any such provision, DSNB's alleged inducement of Plaintiff to enter into the contract cannot have been a contract breach.  *See Swanstrom v. Boeing Co.*, No. C05-0233RSL, 2005 WL 1719896, at *2 (W.D. Wash. July 25, 2005) ("alleged breach . . . because [plaintiff] was coerced into signing" a settlement agreement dismissed because "it is a settled principle that conduct occurring prior to the formation of a contract cannot be the basis for a breach of contract claim"), *aff'd*, 168 F. App'x 795 (9th Cir. 2006).[2]

---

[1] Moreover, Plaintiff's Amended Complaint never states why she would have been eligible for benefits in the first instance.  She alleges that the payment protection contract provided a benefit upon the occurrence of several events, including "Involuntary Unemployment."  FAC ¶ 20.  Yet she never alleges that any of the several qualifying events occurred to her.  All she alleges is that her "business experienced financial hardship" and she thereafter filed a claim.  FAC ¶ 42.

[2] In a footnote, Plaintiff asserts that "many cardholders"—though not Plaintiff—are supposedly enrolled involuntarily in payment protection contracts.  Pl. Opp. 1, n.1.  Apart from having no relation to her own circumstances, the assertion has no basis in the complaint and should be ignored.

| DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT<br>No. 3:10-cv-05830 RBL | - 4 - | WILMER CUTLER PICKERING HALE AND DORR LLP<br>399 Park Avenue<br>New York, NY 10022<br>(212) 230-8800 |
|---|---|---|

### B. Plaintiff's Good-Faith-and-Fair-Dealing Cause of Action Likewise Fails to Identify a Contract Duty That Was Breached, and Should Be Dismissed

Plaintiff's claim for breach of the duty of good faith and fair dealing suffers from the same defects as her contract claim. This Court previously dismissed the claim because the duty of good faith "does not create new contractual obligations" and Plaintiff "failed to identify a term" of the contract that was breached. Aug. 2011 Order, at 9. Plaintiff's Amended Complaint contains *precisely the same claim* that this Court already dismissed. *Compare* FAC ¶¶ 71-79 *with* Compl. ¶¶ 66-74. Thus, like her contract claim, Plaintiff still does not identify any term of the payment protection contract that DSNB allegedly breached or as to which DSNB allegedly acted in bad faith.

Instead, Plaintiff continues to assert that DSNB breached other duties that have no connection with any contract term. Washington case law is clear, however, that there is no "free-floating duty of good faith unattached to the underlying legal document." *Badgett v. Security State Bank*, 116 Wash. 2d 563, 570, 807 P.2d 356, 360 (1991). Just as she did in her opposition to DSNB's motion to dismiss her original complaint, Plaintiff again asserts that the duty of good faith and fair dealing creates an obligation "to cooperate with each other." *Compare* Pl. Opp. 6. *with* Pl. 1st Opp. 13-14. But according to the very cases that Plaintiff cites, "the duty to cooperate exists *only* in relation to performance of a specific contract term." *Badgett*, 116 Wash. 2d at 570, 807 P.2d at 360 (emphasis added). If the plaintiff "fail[s] to identify any term of the [contract] which imposed a duty that was breached," then the claim should be dismissed. *Dorsey v. N. Life Ins. Co.*, No. Civ. A. 04-0342, 2005 WL 2036738, at *9 (E.D. La. Aug. 15, 2005); *see also Edmonson v. Popchoi*, 155 Wash. App. 376, 386 n.20, 228 P.3d 780, 786 n.20 (Ct. App. 2010) (citing *Badgett*), *aff'd*, 172 Wash. 2d 272, 256 P.3d 1223 (2011).

Plaintiff also claims that the duty of good faith "carries with it a duty of disclosure during contract formation and negotiation." Pl. Opp. 6. Again, Plaintiff made this same argument in

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 5 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

defense of her original complaint. *See* Pl. 1st Opp. 14. But as DSNB explained in response at that time, the unpublished Court of Appeals decision Plaintiff cites, *Lectro-Tek Services, Inc. v. Exeter Packers, Inc.*, No. 28088-8-III, 2010 WL 2403393, at *7 (Wash. Ct. App. June 17, 2010), refers back to *Badgett,* a Washington Supreme Court decision that *rejected* this very argument. *See Badgett*, 116 Wash. 2d at 568-69, 807 P.2d at 359-60 (defendant had no "duty to consider [plaintiff's] proposal"). This remains true of the law today. *See Jankanish v. First Am. Title Ins. Co.*, No. C08-1147 MJP, 2009 WL 779330, at *2 (W.D. Wash. Mar. 23, 2009) (dismissing cause of action because "[b]reach of contract claims necessarily rely on the rights and obligations created by the contract's terms," and the contracts in dispute, "contain no terms requiring disclosure"); *cf. RBS Citizens, N.A. v. Sanyou Import, Inc.*, No. 11 C 1820, 2011 WL 4790936, at *2 (N.D.Ill. Oct. 6, 2011) ("the duty [of good faith and fair dealing] only arises upon the formation of a contractual relationship" and therefore good faith counterclaim failed because "no contractual relationship existed" between the parties).[3]

Finally, Plaintiff repeats her earlier argument—also made in defense of her original complaint—that "the duty of GFFD applies when one party has discretionary authority to determine contract terms." Pl. Opp. 6-7 (internal quotations omitted). Again, as DSNB explained in response at that time, this proposition is relevant only in circumstances where the contract expressly provides for discretion over a specific term, "such as quantity, price or time." *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wash. App. 732, 738-39, 935 P.2d 628, 632 (Ct. App. 1997). Plaintiff does not allege that her contract afforded DSNB any such discretion, or that DSNB abused any such discretion. Rather, Plaintiff admits that the contract itself rendered her ineligible for the only benefits she ever sought. As Plaintiff's own authority

---

[3] Moreover, as this Court's earlier order made clear, the National Bank Act and OCC regulations preempt any claims based on an alleged failure of disclosure. *See* Aug. 2011 Order, at 4-9, 10; *see also infra*, Argument Part III.

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 6 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

explains: "[t]he covenant of good faith . . . does not apply to contradict contract terms." *Id.* at 738, 935 P.2d at 632.

## II. PLAINTIFF'S UNJUST ENRICHMENT CLAIM (COUNT THREE) SHOULD BE DISMISSED

This Court dismissed Plaintiff's original unjust enrichment claim because she "fail[ed] to identify an actionable promise or its breach." Aug. 2011 Order, at 10. Plaintiff made no attempt to remedy this defect in her Amended Complaint. Instead, the only change that Plaintiff made to her unjust enrichment was to delete certain preempted aspects of the claim. Apart from those deletions, the Amended Complaint pleads *the exact same unjust enrichment claim* that this Court already dismissed. *Compare* FAC ¶¶ 80-87 *with* Compl. ¶¶ 97-102.

In her opposition brief, Plaintiff repeats an argument that she made in her earlier opposition brief defending her original complaint—that she unjustly enriched DSNB when she paid for payment protection because, she says, she was not eligible for any benefits under the contract. *Compare* Pl. Opp.7-8, *with* Pl. 1st Opp. 16. But, as the Amended Complaint itself confirms, Plaintiff has things wrong. Plaintiff's payment protection contract provides for benefits upon various events, such as "Involuntary Unemployment," "Disability," or "Loss of Life." FAC ¶ 20; *see also* Pl. Opp. 3. If one of those events occurs, then the contract "provide[s] for some form of payment." FAC ¶ 20. Plaintiff alleges that benefits were "limited" as to her (FAC ¶ 25)—not "categorically excluded" (*e.g.* FAC ¶ 24)—because she was self-employed. But to the extent that she could not receive payment protection benefits upon an event such as loss of employment, she (or her designated beneficiary) could receive benefits upon the occurrence of an event such as "Loss of Life." FAC ¶ 20. Having voluntarily enrolled in her contract, Plaintiff cannot now seek—through an unjust enrichment claim—to recoup her payments on the ground that, in retrospect, she does not like the terms. *See Cox v. O'Brien*, 150 Wash. App. 24, 38, 206 P.3d 682, 689 (Ct. App. 2009) ("[Plaintiffs] expressly chose to buy the

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 7 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

home without first requiring a structural inspection. They cannot now attempt to shift this economic risk, which they expressly assumed under the purchase and sale agreement, to the defendants by claiming unjust enrichment.").

### III. PLAINTIFF'S ALLEGATIONS REGARDING THE TIMING AND CONTENT OF DISCLOSURES SHOULD BE DISMISSED AS PREEMPTED

This Court previously explained that Plaintiff's original "theory of the case necessarily implicates, and seeks to regulate, both the timing and content of the disclosures defendant provides," and that "[r]equiring additional disclosures and/or altering their timing would in turn frustrate the purposes of consistency and uniformity and impose state law restrictions on defendant's exercise of its authorized power." Aug. 2011 Order, at 5-6. The Court therefore held that "plaintiff's claims conflict with the federal regulations and are preempted." *Id.* at 6.

DSNB explained in its opening brief that Plaintiff could not resurrect the dismissed disclosure theories as contract, good faith and fair dealing, or unjust enrichment claims. *See* Mem. 7, 9. Yet this is exactly what Plaintiff tries to do throughout her opposition brief. She says that DSNB breached the contract by enrolling her without providing certain disclosures first, and she characterizes the disclosures that DSNB gave as "confusing and indecipherable." Pl. Opp. 5; *see also* FAC ¶¶ 4-5, 19-23, 64-66. Likewise, Plaintiff alleges that DSNB breached the duty of good faith and fair dealing because DSNB's disclosures were "not provided until after the cardholder subscribed to the plan" and were "confusing and indecipherable." Pl. Opp. 7; *see also* FAC ¶¶ 4-5, 19-23, 64-66. To the extent that Plaintiff seeks to ground her remaining causes of action on these disclosure allegations, the claims should dismissed on preemption grounds. *See Dvornekovic v. Wachovia Mortg.*, No. CV 10-5028-RBL, 2010 WL 4286215, at *4 (W.D. Wash. Oct. 26, 2010) (contract-breach claim preempted as "fall[ing] within [the regulator's] 'exclusive authority'" under the regulatory scheme); *Rose v. Bank of Am. Corp.*, No.

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 8 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

CV 10-5067-VBF (JCx), slip op. at 5-6 (C.D. Cal. Nov. 5, 2010) (holding that National Bank Act preempts unjust enrichment claim), *order adopted*, Order (C.D. Cal. Nov. 8, 2010).

### IV. ALL OF PLAINTIFF'S CAUSES OF ACTION ARE TIME-BARRED

DSNB argued in its opening brief that the statute of limitations bars Plaintiff's unjust enrichment claim and that "[i]f Plaintiff's opposition brief clarifies that either [her breach of contract or good-faith-and-fair-dealing claim] in fact is based on conduct predating the six and three-year statutes of limitations applicable (respectively) to the two claims," then those claims are likewise time-barred. Mem. 9-10, 10 n.3.[4] While Plaintiff is still less than clear about what her claims actually concern, her opposition brief states that all three of her substantive causes of action accrued more than a decade ago. Plaintiff alleges she enrolled in payment protection in 1998. FAC ¶ 39. Her unjust enrichment claim is that she "paid a fee for Payment protection even though she is ineligible" (Pl. Opp. 7) and "has always been ineligible" (FAC ¶ 40). Similarly, her breach of contract and good faith allegations are based on the theory that DSNB improperly "induc[ed] Plaintiff to enroll in Payment Protection." Pl. Opp. 4, 6. As relief, Plaintiff seeks "a refund of *all* Payment Protection payments made to DSNB." FAC ¶¶ 86(a), 90 (emphasis added); *see also* Pl. Opp. 5. In other words, Plaintiff argues that DSNB should never have allowed or "induced" her to enroll in 1998, that DSNB was unjustly enriched or breached the contract or a good-faith duty when she first began to pay fees for Payment Protection approximately 13 years ago, and that DSNB should therefore refund every fee from the last 13 years. Plaintiff's own allegations show that her claims accrued more than a decade ago and are time-barred. *See Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010) (dismissal is appropriate when "the running of the statute is apparent on the face of the

---

[4] Plaintiff's claim that "DSNB does not challenge the timeliness of Plaintiff's contract causes of action" (Pl. Opp. 8) is therefore simply incorrect.

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 9 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

complaint") (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *Eckert v. Skagit Corp.*, 20 Wash. App. 849, 850, 583 P.2d 1239, 1240 (Ct. App. 1978) (statue of limitations for an unjust enrichment claim is three years); RCW 4.16.140 (six-year statute of limitations for breach of contract claims); *Steinberg v. Seattle-First Nat'l Bank*, 66 Wash. App. 402, 404 n.4, 832 P.2d 124, 125 n.4 (Ct. App. 1992) (three-year statute of limitation for good-faith-and-fair-dealing claims).

Plaintiff argues that she "did not, and could not have, discovered" the claims "until a point in time well after the initial promise was broken." Pl. Opp. 8.  But Plaintiff's theory is that a promise was broken[5] when she *first* entered into the contractual arrangement and began to pay fees.  And the ground for that alleged breach is the alleged self-employment limitation in the contract.  Under Washington law, "parties have a duty to read the contracts they sign." *Del Rosario v. Del Rosario*, 152 Wash. 2d 375, 385, 97 P.3d 11, 16 (2004); *see also Chi v. Allstate Ins. Co.*, No. C08-855MJP, 2009 WL 2473512, at *3 (W.D. Wash. Aug. 6, 2009) (limitations period not tolled because "Plaintiff was aware of information that would have established her claim for breach of contract").

Finally, Plaintiff's alleged payment of a monthly fee does not toll the statutes of limitations for any of her claims.  She cites no case law to support her argument.  If this Court were to credit it, it would render limitations periods moot for any cases concerning contracts with an ongoing payment provision.  Any consumer dissatisfied with something that they knew or should have known about at the outset of a contract could extend the limitations period forever simply by paying the monthly amount.  The statutes of limitations for Plaintiff's contract, good faith and fair dealing, and unjust enrichment claims all accrue at the time of the alleged breach or broken promise.  *See Wm. Dickson Co. v. Pierce Cnty.*, 128 Wash. App. 488, 495, 116 P.3d 409,

---

[5] As explained, *supra,* DSNB does not agree that any promise or contract term was broken.

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 10 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

414 (Ct. App. 2005) (breach of contract); *Steinberg*, 66 Wash. App. at 404 n.4, 832 P.2d at 125 n.4 (good faith and fair dealing); *Eckert*, 20 Wash. App. at 850, 583 P.2d at 1240 (unjust enrichment). Under the theories advanced in Plaintiff's opposition brief and Amended Complaint, those claims accrued 13 years ago and are now barred.

### V. THE RESTITUTION AND RESCISSION CLAIMS (COUNTS FOUR AND FIVE) SHOULD BE DISMISSED

Because Plaintiff's substantive causes of action should be dismissed for failure to state a claim, this Court should also dismiss her restitution and rescission remedies. The Court previously held that "if plaintiff's breach of contract claim survives, she may pursue restitution as an alternate remedy *but not as a claim*." Aug. 2011 Order, at 10 (emphasis added). Rescission is likewise an alternative contract remedy and can also survive only if Plaintiff's breach of contract claim survives. *See, e.g., McLauchlan v. Aurora Loan Servs. LLC*, No. C10-1560TSZ, 2011 WL 2650203, at *2 (W.D. Wash. July 6, 2011).

Plaintiff ignores the Court's prior ruling, and insists that "restitution and/or rescission are causes of action . . . ." Pl. Opp. 8. While Plaintiff claims that DSNB "cites no contrary authority," (Opp. 9), the *McLauchlan* case, cited in DSNB's opening brief (Mem. 10), clearly states that rescission and restitution "are remedies for a breach of contract claim, not a separate cause of action." 2011 WL 2650203, at *2; *see also* Richard A. Lord, 26 *Williston on Contracts* § 68:1 (4th ed. 2011) ("The remedies of rescission and restitution . . . are allowed by the courts as alternative remedies to an action for damages for breach of contract"). And the case in DSNB's opening brief that Plaintiff says "acknowledges" that equitable remedies like restitution "can be an independent cause of action" (Pl. Opp. 9) actually says the exact opposite: "Plaintiffs' cause of action for declaratory relief *rises and falls with the remainder of the complaint*." *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1188-89 (W.D. Wash. 2010) (emphasis added). The other cases cited by Plaintiff lend no support to her argument. *See, e.g.,*

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 11 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1  *Chamberlain Grp., Inc. v. Nassimi*, No. C09-5438BHS, 2010 U.S. Dist. LEXIS 113417 (W.D.
2  Wash. Oct. 25, 2010) (Plaintiff may obtain the "right of rescission" if it can establish a
3  substantive cause of action for fraud).[6]  As this Court already has determined, equitable remedies
4  like rescission and restitution are only available if Plaintiff's underlying substantive causes of
5  action survive.  Those claims fail to state a claim, however, and should be dismissed, *see infra*,
6  so Plaintiff's request for equitable remedies also should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order dismissing the First Amended Complaint with prejudice.

---

[6]  *See also, DeCoria v. Red's Trailer Mart, Inc.*, 5 Wash. App. 892, 893, 491 P.2d 241, 242 (Ct. App. 1972) (trial court "found . . . a substantial breach of the contract and granted rescission"); *Gooden v. Hunter*, 56 Wash. 2d 617, 623, 355 P.2d 20, 24 (1960) (case involved a clear breach of contract, and only question before the state Supreme Court was whether restitution was a proper remedy); *Penner v. Chase Bank USA, N.A.*, No. C06-5092, 2006 WL 2192435, at *3-4 (W.D. Wash. Aug. 1, 2006) (dismissing causes of action that sought restitution as a remedy), *aff'd*, No. 06-35726, 2011 WL 5289466 (9th Cir Nov. 4, 2011); *Doe v. SexSearch.com*, 551 F.3d 412, 420 (6th Cir. 2008) (briefly mentioning "declaratory judgment or reformation of the contract," and noting that Plaintiff was not "requesting these *remedies*") (emphasis added); *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 36-37 (D.D.C. 2006) (deferring ruling on availability of declaratory relief).

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 12 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | |
| 3 |     s/ Robert W. Trenchard |
| 4 | R<small>OBERT</small> W. T<small>RENCHARD</small> (N.Y. Bar No. 2679488) |
| 5 | (*admitted pro hac vice*)<br>N<small>OAH</small> A. L<small>EVINE</small> (N.Y. Bar No. 4324521) |
| 6 | (*admitted pro hac vice*)<br>P<small>AMELA</small> K. B<small>OOKMAN</small> (N.Y. Bar No. 4492328) |
| 7 | (*admitted pro hac vice*)<br>C<small>RAIG</small> R. H<small>EEREN</small> (N.Y. Bar No. 4713053) |
| 8 | (*admitted pro hac vice*)<br>W<small>ILMER</small> C<small>UTLER</small> P<small>ICKERING</small> |
| 9 |   H<small>ALE AND</small> D<small>ORR</small> LLP<br>399 Park Avenue |
| 10 | New York, NY 10022<br>Tel: (212) 230-8800 |
| 11 | Fax: (212) 230-8888<br>Robert.Trenchard@wilmerhale.com |
| 12 | J<small>OHN</small> R. B<small>ACHOFNER</small>, WSBN #18650 |
| 13 | J<small>ORDAN</small> R<small>AMIS</small> PC<br>1498 SE Tech Center Place |
| 14 | Suite 380<br>Vancouver, WA 98683 |
| 15 | Tel: (360) 567-3900<br>Fax: (360) 567-3901 |
| 16 | john.bachofner@jordanramis.com |
| 17 | |
| 18 | November 21, 2011 |
| 19 | *Counsel for Defendant Department Stores National Bank* |

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
No. 3:10-cv-05830 RBL

- 13 -

W<small>ILMER</small> C<small>UTLER</small> P<small>ICKERING</small> H<small>ALE AND</small> D<small>ORR</small> LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Deborah M. Nelson<br>Nelson Boyd PLLC<br>411 University Street, Suite 1200<br>Seattle, WA 98101<br>206-971-7601<br>nelson@nelsonboydlaw.com | Rachel J. Geman<br>Lieff Cabraser Heimann & Bernstein (NY)<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br>212-355-9500<br>rgeman@lchb.com |
| Jeffrey D. Boyd<br>Nelson Boyd PLLC<br>411 University Street, Suite 1200<br>Seattle, WA 98101<br>206-971-7601<br>boyd@nelsonboydlaw.com | Randall K. Pulliam<br>Carney Williams Bates Bozeman<br>  & Pulliam, PLLC<br>11311 Arcade Drive, Suite 200<br>Little Rock, AR 72212<br>501-312-8500<br>rpulliam@carneywilliams.com |
| Kenneth J. Grunfeld<br>Golomb & Honik, PC<br>1515 Market Street, Suite 1100<br>Philadelphia, PA 19102<br>215-985-9177<br>kgrunfeld@golombhonik.com | |

and I hereby certify that I am aware of no non-CM/ECF participants to whom this document should be mailed by United States Postal Service.

DATED: November 21, 2011                                s/ Robert W. Trenchard

ROBERT W. TRENCHARD (N.Y. Bar No. 2679488)
    (*admitted pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
Robert.Trenchard@wilmerhale.com

*Counsel for Defendant Department Stores National Bank*

CERTIFICATE OF SERVICE
No. 3:10-cv-05830 RBL
- 1 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800