HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELLEY DENTON, and all others similarly
situated,

                              Plaintiff,

        v.

DEPARTMENT STORES NATIONAL
BANK,

                              Defendant.

No.  10-CV-5830 RBL

ORDER

[Dkt. #37]

        This suit arises out of a "Payment Protection" service sold by Department Stores National

Bank ("DSNB") to its credit-card customers.  Payment Protection, according to Plaintiff, is "a

service that suspends or cancels the required minimum monthly payments due on the

subscriber's credit card account and excuses the subscriber from paying the monthly interest

charge . . . for a limited period of time" in circumstances of financial difficulty.  (First Am.

Compl. ¶ 18.)  Plaintiff alleges (on behalf of a putative class) that terms buried in fine print

exclude whole classes of individuals, including the self-employed, like Plaintiff.  *Id.* ¶¶ 23, 27.

Despite these exclusions, the Complaint alleges, Defendants continue to sell Payment Protection

to those groups.  Plaintiff alleges that she purchased Payment Protection and paid years of fees,

yet only after claiming benefits did she learn that she is ineligible (and always has been) because

she is self-employed.  *Id.* ¶¶ 37–47.  On that basis, Plaintiff asserts claims for breach of contract,

breach of good faith and fair dealing, unjust enrichment, and declaratory judgment.  *See

generally id.*

Defendant has moved to dismiss, arguing that the exclusions limit Plaintiff's coverage but do not entirely exclude Plaintiff from benefits, that certain claims are preempted or have expired under the statute of limitations, or that Plaintiff's claims simply lack the factual basis to proceed.  (*See* Def.'s Reply at 7.)  For the reasons stated below, the Court grants in part and denies in part the motion to dismiss.

## I.     BACKGROUND

On August 1, 2011, this Court dismissed Plaintiff' previous Complaint, but granted leave to amend.  Plaintiff's effort to cure the original complaint's deficiencies is under review here.

### A.  Allegations Regarding "Payment Protection"

Department Stores National Bank, a subsidiary of Citibank, issues branded credit cards for various department stores, including Macy's and Bloomingdale's.  (First Am. Compl. ¶ 16.) Subscribers to those cards can purchase what Plaintiff terms "Payment Protection," a service in which DSNB allows a subscriber to essentially freeze their account, requiring no payments and accruing no interest, under certain circumstances.  *See id.* ¶ 18.  Plaintiff alleges that the terms are "varied, complicated and always changing," but that all variations provide for "some form of payment suspension" when a subscriber is involuntarily unemployed, under an employer-approved leave of absence, disabled, hospitalized, critically injured, or certain other triggering events.  *Id.* ¶ 20.  Plaintiff contends that DSNB markets and sells Payment Protection to customers knowing that they are either completely or almost-completely ineligible to receive any benefit.  Specifically, Plaintiff alleges that the standardized terms, presented in "small print and in complete, indecipherable, misleading and obfuscatory language," restricts "most or all of the benefits" for the self-employed, unemployed, part-time employees, seasonal employees, retirees, and the disabled.  *Id.* ¶¶ 23, 27.  For the service, DSNB charges 1.89% of the subscriber's card balance at month's end.  *Id.* at ¶ 28.

### B.  Allegations Regarding Plaintiff

Plaintiff alleges that in 1995 she was issued a card from "The Bon" department store, which was later purchased by Macy's.  *Id.* ¶ 38.  She has had the same credit card since approximately 1995.  *Id.*  In 1998, Plaintiff purchased a variation of Payment Protection for her

Macy's card, now issued by DSNB.  *Id.* ¶ 39.  Plaintiff asserts that she "is ineligible and has always been ineligible for Payment Protection benefits" because she is self-employed.  *Id.* ¶ 40.

In April 2009, Plaintiff's business "experienced financial hardship," leading Plaintiff to file a claim for Payment Protection benefits.  *Id.* ¶ 42.  A DSNB-representative denied coverage because Plaintiff is self-employed.  *Id.* ¶ 42.

According to Plaintiff, DSNB then cancelled Payment Protection without notice by simply omitting the service from her credit-card statement.  *Id.* ¶ 44.  Plaintiff then spoke with a DSNB-representative "who assured her that she was eligible for Payment Protection and that it could be placed back on her credit card after a one month waiting period."  *Id.*  DSNB then re-enrolled Plaintiff in Payment Protection.  *Id.* ¶ 45.

The primary difference, and indeed an important difference, between the original Complaint and the Amended Complaint is that Plaintiff now alleges that she applied for and was denied benefits under the Payment Protection service.  *Compare* Compl. ¶¶ 50–53 (Dkt. #1) *with* First Am. Compl. ¶¶ 37–47 (Dkt. #32).

### C.  Plaintiff's Claims

Based on the facts above, Plaintiff has asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and declaratory judgment.  *See id.* ¶¶ 61–93.  Plaintiff requests rescission, restitution, and damages.  *Id.* ¶¶ 81–95.

### D.  Defendant's Motion to Dismiss

Department Stores National Bank contends, first and foremost, that the Complaint fails to identify any contract term breached.  (Def.'s Mot. to Dismiss at 5.)  Thus, Plaintiff's claim for breach of contract and good faith and fair dealing fail as a matter of law.

Plaintiff's unjust enrichment claims fails, says Defendant, because the Complaint lacks an actionable promise or breach and because the statute of limitations has expired.  *Id.* at 8.

To the extent that Plaintiff asserts rescission and restitution as causes of action, Defendant requests dismissal because they are merely remedies that must rest on proper claims.  *Id.* at 10.

Lastly, Defendant correctly notes that the Court has already dismissed Plaintiff's claim under the Washington Consumer Protection Act, Wash. Rev. Code § 19.86 *et seq.*, as preempted by the National Banking Act, 12 U.SC. § 1 *et seq.  See* Order at 4 (Dkt. #31).  Thus, the Amended Complaint's request for a declaratory judgment that DSNB violated the CPA should be dismissed.  (Def.'s Mot. to Dismiss at 11.)

## II.   DISCUSSION

Defendant has filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted. The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. *See, e.g., Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783,785 (9th Cir. 1992).  The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted).  A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." *Id.* at 555.  The complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.*  A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

### A.   Breach of Contract

Plaintiff claims that the contract "imposes on Defendant an obligation to provide benefits, including suspending or cancelling the required minimum monthly payment" in certain circumstances, and Defendant breached that obligation by denying benefits due to Plaintiff's self-employed status.  (Pl.'s Resp. at 3.)  Defendant asserts that the "only alleged denial of benefits was perfectly consistent with the contract," i.e., the denial was proper given the self-employment exclusion. (Def.'s Mot. to Dismiss at 1.)

To sustain a claim for breach of contract, a party must allege a duty imposed by contract, a breach, and damages proximately caused.  *Nw. Indep. Forest Mfrs. V. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712 (1995).

Plaintiff does not allege that Defendant breached a specific contract term; rather, Plaintiff argues that the self-employment exclusion undermines the very purpose of the contract. Essentially, Plaintiff claims that Defendant uses a categorical exclusion to cheat its subscribers of all, or nearly all, of the benefits provided by Payment Protection, a service for which Plaintiff pays an astronomical—indeed, barely comprehensible—22.68% yearly fee (compounding at 1.89% *monthly*).

Plaintiff's claim amounts to an attack on the viability of the exclusions.  To succeed on her breach of contract claim, Plaintiff must show that the exclusions she complains of are unenforceable, and thus, Defendant's denial of benefits under the contract amounts to breach.

Given Washington's "fundamental public policy" of "[p]rotecting parties in a position of weaker bargaining power from exploitation" in contracts of adhesion, *McKee v. AT&T Corp.*, 164 Wash. 2d 372, 385 (2008), there is a question of whether the self-employment exclusion is unconscionable.  *See* First Am. Compl. ¶ 67 (alleging provisions are unconscionable). Unconscionability "is a question of law for the courts."  *McKee*, 164 Wash. 2d. at 397. Substantive unconscionability "involves those cases where a clause or term in the contract is one-sided or overly harsh."  *Id.*  At this juncture, with Plaintiff alleging that the exclusions at issue deprive subscribers, including Plaintiff herself, of all value under the contract, it is not clear that the term is enforceable.  While the claim is tenuous, it should be addressed more thoroughly at summary judgment.  The Court therefore denies the motion to dismiss Plaintiff's claim for breach of contract.

### B.      Breach of the Covenant of Good Faith and Fair Dealing

Inherent in every contract is an implied duty of good faith and fair dealing.  *Badgett v. Sec. State Bank*, 116 Wash. 2d 563, 569 (1991).  The duty "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance," but requires them to perform only those duties arising "in connection with the terms agreed to by the parties."  *Id.*

(citation omitted).  In other words, "there cannot be a breach of the duty of good faith when a party simply stands on its rights to require performance of a contract according to its terms." *Id.* at 570 (citations omitted).

Plaintiff correctly argues that the duty of good faith and fair dealing can give rise to a duty to disclose during contract formation.  Pl.'s Resp. at 6; *see also Liebergsell v. Evans*, 93 Wash. 2d 881, 892 (1980) ("the duty to disclose relevant information to a contractual party can arise as a result of the transaction itself within the parties' general obligation to deal in good faith").  Disclosure, however, is governed by the National Bank Act, 12 U.S.C. § 1 *et seq.* (debt cancellation and suspension contracts are governed by "applicable Federal law and regulation, and not . . . by state law," *see* 12 C.F.R. §37.1(c)).  The Act preempts Plaintiff's claim for breach of the covenant of good faith and fair dealing.

### C.    Unjust Enrichment

As the Court stated in its previous order, "[a] party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract." *Chandler v. Wash. Toll Bridge Auth.*, 17 Wash. 2d 591, 604 (1943).  The Court declined to dismiss on the grounds that an express contract controlled because Plaintiff alleged that the contract was illusory or failed of consideration, in that it provided her no benefit.  (Order at 10 (Dkt. #31).) The claim was dismissed, however, because Plaintiff "[did] not contend that she ever filed a claim or needed the benefits of the service." *Id.*  Plaintiff has corrected that deficiency.  (First Am. Compl. ¶ 42.)  If the contract was indeed illusory or failed of consideration, then the unjust enrichment claim may stand.

### D.    Statute of Limitations

Defendant argues that all Plaintiff's causes of action are barred because Plaintiff asserts that breach occurred at the time she was "induced" into the Payment Protection contract.  (Def.'s Mot. at 9–10.)  The Complaint, while seeking damages for all fees paid over a more than 10-year period, is not clear as to when the alleged breach occurred.  The Court must assume that the

alleged breach occurred at the time Plaintiff was denied benefits.  Thus, the statute of limitations does not bar Plaintiff's breach of contract and unjust enrichment claims.

### E.        Restitution and Rescission

As the Court stated in its earlier order, Plaintiff's restitution and rescission "claims" are remedies. *See, e.g.*, *Veritas Operating Corp. v. Microsoft Corp.*, No. 06-cv-703, 2008 WL 7404617, at *4 (W.D. Wash. Feb. 26, 2008) ("Restitution is an alternative remedy to damages for breach of contract. The purpose of restitution is to prevent unjust enrichment of the defendant by restoring to the plaintiff any benefit conferred on the defendant.") (citing 25 David K. DeWolf & Keller W. Allen *et al.*, *Wash. Prac., Contract Law and Practice* § 14:6 (2011)).

Moreover, the cases cited by Plaintiff do not stand for the proposition that restitution and rescission are independent causes of action.  In *DeCoria v. Red's Trailer Mart, Inc.*, 5 Wash. App. 892 (1971), the appellate court explicitly noted that the cause of action was breach of contract and subsequently reviewed the trial court's grant of rescission as a remedy.  *Id.* at 242 ("The court found the above defects constituted a substantial breach of the contract and granted rescission.").  In *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179 (W.D. Wash. 2010), the only mention of "restitution" arises when the court states that there is no basis to find "that the doctrine of unconscionability is a basis for restitutionary relief." *Id.* at 1185.

### F.        Declaratory Judgment

Plaintiff's claim for declaratory judgment rises and falls with her other claims.  Because the Court finds that the breach of contract and unjust enrichment claims survive, Plaintiff has asserted a proper claim for declaratory judgment.  To the extent that Plaintiff seeks a declaratory judgment with respect to the Washington Consumer Protection Act, *see* First. Am. Compl. ¶ 93, the Court notes that Plaintiff's CPA claim has been dismissed as preempted and remains dismissed for the reasons stated in the previous order.

### III.    CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion and dismisses Plaintiff's claim for breach of the covenant of good faith and fair dealing and **DENIES** the motion as to Plaintiff's breach of contract, unjust enrichment, and declaratory judgment claims.

Dated this 11th day of April 2012.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE