The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELLEY DENTON, and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DEPARTMENT STORES NATIONAL BANK,<br><br>　　　　　Defendant. | No. 3:10-cv-05830-RBL<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED CLASS ACTION COMPLAINT |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**<u>DEFENDANT DEPARTMENT STORES NATIONAL BANK</u>**

Defendant Department Stores National Bank ("DSNB") answers the First Amended Class Action Complaint (the "Complaint") in this action as follows:

To the extent that the headings, preamble, or prayer for relief in the Complaint require a response, DSNB denies the allegations contained therein. With respect to the numbered paragraphs in the Complaint:

1.　　DSNB admits that the Complaint purports to bring a class action on behalf of certain DSNB credit-card customers; DSNB denies all remaining allegations.

2.　　Denied.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

3. DSNB admits that it markets debt cancellation programs entitled Credit Protection, which cancels all or a portion of the enrolled cardholder's debts in certain circumstances. DSNB further admits that Credit Protection is and has been marketed, at various times, via retail locations, direct mail, and/or telephone. The text of any such marketing speaks for itself. DSNB denies all remaining allegations.

4. Denied.

5. DSNB admits that it mails written materials to cardholders who enroll in Credit Protection. DSNB denies all remaining allegations.

6. Denied.

7. Denied.

8. DSNB admits that a denial of benefits does not, under a debt cancellation contract, entitle the purchaser of the contract to either a refund of premiums or a waiver of the obligation to make continued payments in exchange for continued application of the contract. DSNB denies all remaining allegations.

9. Denied.

10. Denied.

11. The allegations in paragraph 11, including subparagraphs (a)-(c), are conclusions of law and no response is required. To the extent a response is required, DSNB admits that this Court has subject matter jurisdiction for this case based on Plaintiff's allegations, which DSNB denies.

12. The allegations in paragraph 12 are conclusions of law and no response is required. To the extent a response is required, DSNB admits that this Court has personal jurisdiction for this case based on Plaintiff's allegations, which DSNB denies.

13. The allegations in paragraph 13 are conclusions of law and no response is required. To the extent a response is required, DSNB admits that this Court has venue for this case based on Plaintiff's allegations, which DSNB denies.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL
- 2 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

14. DSNB admits that it began issuing Macy's cards in or about November 2005, and that it is the issuer of Ms. Denton's Macy's credit card account. DSNB further admits that Ms. Denton was enrolled in a debt cancellation program entitled Account Protection in or about June 2002. DSNB lacks information sufficient to admit or deny facts regarding Ms. Denton's remaining allegations.

15. DSNB admits that it is a subsidiary of Citibank, N.A., and that it is located in Sioux Falls, South Dakota. DSNB further admits that no individual or corporate entity, other than DSNB, is named as a defendant in this lawsuit.

16. DSNB admits that it is a credit card issuer for Macy's, Inc., and that cards issued by DSNB bear the marks of store brands such as Bloomingdale's and Macy's. DSNB denies all remaining allegations.

17. DSNB lacks information sufficient to admit or deny the allegations.

18. DSNB admits that Credit Protection is marketed as cancelling credit card payments or balances in certain circumstances. DSNB denies all remaining allegations.

19. DSNB admits that it provides written materials to cardholders purchasing a debt cancellation contract. DSNB denies all remaining allegations.

20. DSNB admits that certain of the Credit Protection programs provide for debt cancellation based on specific events including those identified in Paragraph 20. The Account Protection program in which Plaintiff is enrolled provides for debt cancellation based on Involuntary Unemployment, Total Disability, and Loss of Life. DSNB denies all remaining allegations.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL
- 3 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

27. Denied.

28. DSNB admits that there it charges a monthly amount, which varies, for Credit Protection and Account Protection programs. The charge assessed to Ms. Denton for Account Protection is $0.69 per $100 balance on the account. DSNB denies all remaining allegations.

29. The allegation purports to state a hypothetical, rather than a fact, and therefore requires no response.

30. Denied.

31. DSNB admits that there are personnel trained to assist with questions regarding Credit Protection and Account Protection. DSNB denies all remaining allegations.

32. Denied.

33. Denied.

34. DSNB admits that a denial of a claim does not, under a debt cancellation contract, entitle the purchaser of the contract to either a refund of premiums or a waiver of the obligation to make continued payments in exchange for continued application of the contract. DSNB denies all remaining allegations.

35. Denied.

36. Denied.

37. DSNB lacks information sufficient to admit or deny facts regarding Ms. Denton's residence.

38. DSNB admits that it began issuing Macy's cards in or about November 2005, and that it is the issuer of Ms. Denton's Macy's credit card account. DSNB lacks information sufficient to admit or deny facts regarding Ms. Denton's remaining allegations.

39. DSNB admits that Ms. Denton was enrolled in a debt cancellation program entitled Account Protection in or about June 2002, and that DSNB issues Ms. Denton's Macy's account. DSNB denies all remaining allegations.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL
- 4 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

40. DSNB denies that Ms. Denton is ineligible for the benefits of her Account Protection program. DSNB lacks information sufficient to admit or deny facts regarding Ms. Denton's self-employed status. DSNB denies all remaining allegations.

41. DSNB admits that it has received payments from Ms. Denton for her Account Protection program. DSNB denies all remaining allegations.

42. DSNB lacks information sufficient to admit or deny whether "Ms. Denton's business experienced financial hardship." DSNB denies all remaining allegations.

43. Denied.

44. DSNB admits that Ms. Denton's Account Protection program was cancelled in or about December 2009 due to her account being delinquent. DSNB further admits that Ms. Denton called on or about December 22, 2009 to make an inquiry regarding Account Protection. DSNB denies all remaining allegations.

45. DSNB admits that Ms. Denton asked to be re-enrolled in the Account Protection program. DSNB denies all remaining allegations.

46. Denied.

47. DSNB admits that Ms. Denton is still enrolled in the Account Protection program. DSNB denies all remaining allegations.

48. DSNB admits that plaintiff purports to bring this case on behalf of herself and others. The remaining allegations are conclusions of law as to which no response is required; to the extent that a response is required, DSNB denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23, and denies all remaining allegations.

49. DSNB admits that plaintiff seeks damages and equitable relief as a class representative and brings an action for breach of contract and unjust enrichment. This Court's order of April 11, 2012 dismissed plaintiff's claims for breach of the covenant of good faith and fair dealing, and therefore no response is required to that allegation. DSNB denies all remaining allegations.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL
- 5 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1    50.    DSNB admits that plaintiff purports to bring this case on behalf of herself and
2 others.  The remaining allegations are conclusions of law as to which no response is required; to
3 the extent that a response is required, DSNB denies that this case may be properly certified as a
4 class action pursuant to Federal Rule of Civil Procedure 23, and denies all remaining allegations.

5    51.    Denied.

6    52.    DSNB admits that plaintiff proposes a class and subclass as described in
7 paragraph 52.  DSNB denies that this case may be properly certified as a class action pursuant to
8 Federal Rule of Civil Procedure 23, and denies all remaining allegations.

9    53.    DSNB admits that plaintiff proposes a subclass as described in paragraph 53.
10 DSNB denies that this case may be properly certified as a class action pursuant to Federal Rule
11 of Civil Procedure 23, and denies all remaining allegations.

12   54.    The allegations in paragraph 54 are conclusions of law and no response is
13 required.

14   55.    DSNB admits that plaintiff proposes to exclude from the purported class certain
15 persons and entities as set forth in paragraph 55.  DSNB denies that this case may be properly
16 certified as a class action pursuant to Federal Rule of Civil Procedure 23, and denies all
17 remaining allegations.

18   56.    Denied.
19   57.    Denied.
20   58.    Denied.

21   59.    DSNB lacks information sufficient to admit or deny facts regarding the
22 competency of counsel.  DSNB denies all remaining allegations.

23   60.    Denied.

24   61.    DSNB repeats and reasserts each and every response to the allegations asserted in
25 the foregoing paragraphs with the same force and effect as if fully set forth here.

26   62.    DSNB admits that DSNB and plaintiff are parties to a debt cancellation contract
27 governing the Account Protection program.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL
- 6 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

63. DSNB admits that the debt cancellation contract provides for certain benefits in specified circumstances. DSNB further admits that cardholders who enter into debt cancellation contracts must make payments under the contract. DSNB denies all remaining allegations.

64. DSNB admits that it mails written materials to a cardholder purchasing a debt cancellation contract after the cardholder enrolls in the debt cancellation program. DSNB denies all remaining allegations.

65. Denied.

66. Denied.

67. This Court's order of August 1, 2011 dismissed plaintiff's claim for unconscionability as preempted by the National Bank Act and related federal regulations and because it is a defense to a contract, not an independent claim, and therefore no response is required to that allegation. To the extent any other response is required, DSNB denies that allegation. DSNB denies all remaining allegations.

68. Denied.

69. DSNB denies that plaintiff filed claims and sought to receive any benefit promised by DSNB related to her Account Protection program. DSNB lacks information sufficient to admit or deny facts regarding any purported member of the putative Subclass. DSNB denies all remaining allegations.

70. Denied.

71. This Court's order of April 11, 2012 dismissed plaintiff's claims for breach of the covenant of good faith and fair dealing, and therefore no response is required. To the extent required, DSNB repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth here.

72. This Court's order of April 11, 2012 dismissed plaintiff's claims for breach of the covenant of good faith and fair dealing, and therefore no response is required.

73. This Court's order of April 11, 2012 dismissed plaintiff's claims for breach of the covenant of good faith and fair dealing, and therefore no response is required.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL
- 7 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

74. This Court's order of April 11, 2012 dismissed plaintiff's claims for breach of the covenant of good faith and fair dealing, and therefore no response is required.

75. This Court's order of April 11, 2012 dismissed plaintiff's claims for breach of the covenant of good faith and fair dealing, and therefore no response is required.

76. This Court's order of April 11, 2012 dismissed plaintiff's claims for breach of the covenant of good faith and fair dealing, and therefore no response is required.

77. This Court's order of April 11, 2012 dismissed plaintiff's claims for breach of the covenant of good faith and fair dealing, and therefore no response is required.

78. This Court's order of April 11, 2012 dismissed plaintiff's claims for breach of the covenant of good faith and fair dealing, and therefore no response is required.

79. This Court's order of April 11, 2012 dismissed plaintiff's claims for breach of the covenant of good faith and fair dealing, and therefore no response is required.

80. DSNB repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth here.

81. Denied.

82. This Court's order of August 1, 2011 dismissed plaintiff's claim for unconscionability as preempted by the National Bank Act and related federal regulations and because it is a defense to a contract, not an independent claim, and therefore no response is required to that allegation. To the extent any other response is required, DSNB denies that allegation. DSNB denies all remaining allegations.

83. Denied.

84. Denied.

85. DSNB repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth here.

86. DSNB admits that plaintiff seeks the relief described in paragraph 86. DSNB denies all remaining allegations.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL
- 8 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

1  87. DSNB admits that plaintiff seeks the relief described in paragraph 87. DSNB
2  denies all remaining allegations.
3  88. DSNB repeats and reasserts each and every response to the allegations asserted in
4  the foregoing paragraphs with the same force and effect as if fully set forth here.
5  89. DSNB admits that plaintiff seeks the relief described in paragraph 89. DSNB
6  denies all remaining allegations.
7  90. DSNB admits that plaintiff seeks the relief described in paragraph 90. DSNB
8  denies all remaining allegations.
9  91. DSNB admits that plaintiff seeks the relief described in paragraph 91. DSNB
10  denies all remaining allegations.
11  92. DSNB repeats and reasserts each and every response to the allegations asserted in
12  the foregoing paragraphs with the same force and effect as if fully set forth here.
13  93. DSNB admits that plaintiff seeks the relief described in paragraph 93. DSNB
14  denies all remaining allegations.
15  94. Except as expressly admitted herein, DSNB denies the remaining allegations in
16  plaintiff's complaint and the whole thereof.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof it would not otherwise bear, DSNB asserts the following affirmative defenses. DSNB reserves the right to assert further defenses that may arise or be identified in the course of further investigation, discovery, or litigation of this action, including, in the event a class is certified, the right to advance additional defenses pertinent to class members. For purposes of these affirmative defenses, references to "DSNB" include any predecessors in interest.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state any claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL
- 9 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

Plaintiff's claims are preempted, in whole or in part, by federal law, including, without limitation, the National Bank Act, 12 U.S.C. § 21 et seq, and regulations promulgated thereunder.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert any of the alleged claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, laches, and/or other time bars.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by plaintiffs' agreement to the terms and provisions of contracts with DSNB.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from challenging DSNB's interpretation, application and implementation of the terms and provisions of the contracts governing her account because Plaintiff acquiesced in DSNB's interpretation, application and implementation of the contractual terms and provisions as a course of dealing.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine and/or other legal ground in that the obligations and fees about which plaintiff complains were paid voluntarily.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own voluntary actions in incurring credit card debt when plaintiff knew or should have known she had entered into a contract the terms of which provided for DSNB to charge a fee based on the amount of her month-end credit card balance.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were caused, in whole or in part, by her voluntary actions in initiating and maintaining a credit-card balance that incurred a fee associated with her debt suspension or debt cancellation program.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL
- 10 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her damages, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

For the foregoing reasons and others, Plaintiffs' claims are barred by assumption of risk, consent, estoppel, license, notification, ratification, acceptance, acquiescence, waiver, release, accord, satisfaction, and/or by virtue the parties' course of dealing. Any equitable claim asserted by Plaintiff is furthermore barred by unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, based on the failure of a condition precedent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Even if not applicable to plaintiff, some or all of the affirmative defenses asserted above may be applicable to one or more of the putative class members whom plaintiff may seek to represent. In the event that any attempt is made to certify a class in this action, DSNB reserves the right to identify and advance any further affirmative defenses that may apply to persons other than the named plaintiff herein.

**AFFIRMATIVE DEFENSE CONCERNING ARBITRATION**

Upon information and belief, certain members of the purported class and subclasses that plaintiff seeks to represent have arbitration agreements with DSNB. DSNB does not waive, or agree to waive, its entitlement to seek to arbitrate any claim by such persons, or any claim by any other person; nor does DSNB waive, nor agree to waive, its right to stay any judicial proceedings, in favor of arbitration, with respect to claims asserted by or on behalf of any person other than the named plaintiff against whom DSNB now answers. In the event that any attempt is made to certify a class in this action, DSNB intends to invoke its right to stay judicial proceedings as to claims of persons, other than the present named plaintiff against whom DSNB

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL
- 11 -
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

now answers, in favor of arbitration of claims advanced by or on behalf of such persons, who have contractually agreed to arbitrate claims against DSNB or its predecessors in interest.

Respectfully submitted,

s/ ROBERT W. TRENCHARD
ROBERT W. TRENCHARD (N.Y. Bar No. 2679488)
(*admitted pro hac vice*)

s/ NOAH A. LEVINE
NOAH A. LEVINE (N.Y. Bar No. 4324521)
(*admitted pro hac vice*)

s/ CRAIG R. HEEREN
CRAIG R. HEEREN (N.Y. Bar No. 4713053)
(*admitted pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
Robert.Trenchard@wilmerhale.com

s/ JOHN R. BACHOFNER
JOHN R. BACHOFNER, WSBN #18650
JORDAN RAMIS PC
1498 SE Tech Center Place
Suite 380
Vancouver, WA 98683
Tel: (360) 567-3900
Fax: (360) 567-3901
john.bachofner@jordanramis.com

May 9, 2012

*Counsel for Defendant Department Stores National Bank*

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
No. 3:10-cv-05830 RBL

- 12 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Deborah M. Nelson<br>Nelson Boyd PLLC<br>411 University Street, Suite 1200<br>Seattle, WA  98101<br>206-971-7601<br>nelson@nelsonboydlaw.com | Rachel J. Geman<br>Lieff Cabraser Heimann & Bernstein (NY)<br>250 Hudson Street, 8th Floor<br>New York, NY  10013-1413<br>212-355-9500<br>rgeman@lchb.com |
| Jeffrey D. Boyd<br>Nelson Boyd PLLC<br>411 University Street, Suite 1200<br>Seattle, WA  98101<br>206-971-7601<br>boyd@nelsonboydlaw.com | Randall K. Pulliam<br>Carney Williams Bates Bozeman<br>    & Pulliam, PLLC<br>11311 Arcade Drive, Suite 200<br>Little Rock, AR  72212<br>501-312-8500<br>rpulliam@carneywilliams.com |
| Kenneth J. Grunfeld<br>Golomb & Honik, PC<br>1515 Market Street, Suite 1100<br>Philadelphia, PA 19102<br>215-985-9177<br>kgrunfeld@golombhonik.com | |

and I hereby certify that I am aware of no non-CM/ECF participants to whom this document should be mailed by United States Postal Service.

DATED: May 9, 2012

    s/ ROBERT W. TRENCHARD
ROBERT W. TRENCHARD (N.Y. Bar No. 2679488)
    (*admitted pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
Robert.Trenchard@wilmerhale.com
*Counsel for Defendant Department Stores National Bank*

CERTIFICATE OF SERVICE
No. 3:10-cv-05830 RBL

- 1 -

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800